Jose ARREGUIN, Petitioner–Appellee,

v.

K.W. PRUNTY, Warden;  Attorney General of the State of California, Respondents–Appellants.

No. 98–56611.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 3, 1999.

Memorandum Withdrawn March 8, 2000.

Order Filed March 8, 2000.

Robert C. Schneider, Deputy Attorney General, Los Angeles, California, for the respondents-appellants.

Diane E. Berley, Berley & De Vito, West Hills, California, for the petitioner-appellee.

Before: KOZINSKI and THOMAS, Circuit Judges, and INGRAM,[1] District Judge.

THOMAS, Circuit Judge:

California State Warden K.W. Prunty appeals the district court's grant of prisoner Arreguin's petition for a writ of habeas corpus. The district court granted the writ because it found that Arreguin had been deprived of a state-created liberty interest protected under the Fourteenth Amendment. We reversed that judgment in a memorandum disposition. Subsequently, we granted the Warden's motion for publication and now file this opinion.

## I

Arreguin was indicted for murder pursuant to Cal.Penal Code § 187 and attempted robbery pursuant to Penal Code §§ 211, 664. The indictment alleged that the murder occurred during the course of a robbery, constituting a special circumstance pursuant to Cal.Penal Code § 190.2(a)(17). If found true, the special circumstance would subject Arreguin to a sentence of death or life imprisonment. Because Arreguin was not the actual killer, California law required that he be a "major participant" in the robbery before the special circumstance could be found. See Cal.Penal Code § 190(d) (West 1999).

At trial, the prosecution introduced evidence that Gilbert Martinez approached a truck while someone else broke one of the truck's windows. Martinez then killed the driver of the truck. The prosecution introduced evidence that Arreguin participated in the murder, including the fact that Arreguin encouraged Martinez's actions by stating, "Shoot 'im, shoot 'im", contemporaneously with the killing. Arreguin defended himself by testifying that he was merely getting a ride from the others and that he had no idea that Martinez intended to either rob or shoot the truck driver. The jury returned a guilty verdict on the murder charge. The jury also found the special circumstance to be present. Arreguin was sentenced to life without the possibility of parole.

On appeal to the California Court of Appeal, Arreguin argued, inter alia, that the jury was improperly instructed on the special circumstance. Rather than being required to find that Arreguin was a "major participant" in the robbery, the jury was instructed that Arreguin need be merely a "participant." Given his statements during the murder, the California Court of Appeal affirmed Arreguin's conviction and held that any error was harm-

---

1. The Honorable William A. Ingram, Senior United States District Judge for Northern Cal- ifornia, sitting by designation.

less. The California Supreme Court denied Arreguin's petition.

In the district court, Arreguin argued that he was denied his Sixth Amendment right to a jury, his Fourteenth Amendment due process right to a fair trial, and his Fourteenth Amendment right to a jury determination of the special circumstance. The district court granted the writ of habeas corpus on the ground that Cal.Penal Code § 190.4 created a liberty interest by requiring the trier of fact to make a "special finding on the truth of each alleged special circumstance." *See* Cal.Penal Code § 190.4 (West 1999). Thus, the district court concluded that Arreguin was deprived of a state-created liberty interest in violation of the Fourteenth Amendment.

We review a district court's grant of a habeas corpus petition de novo and the district court's underlying findings of fact for clear error. *See Bean v. Calderon,* 163 F.3d 1073, 1077 (9th Cir.1998).

## II

■ State law, of course, can form the basis of a liberty interest protected by the Fourteenth Amendment. *See Clemons v. Mississippi,* 494 U.S. 738, 746, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990). If a state, however, permits its appellate courts to cure the deprivation of a state-created right and the deprivation is cured, then the state-created right cannot form the basis of a liberty interest. *See id.* at 747, 110 S.Ct. 1441. Such an interest is, at most, a qualified liberty interest. *See id.*

■ California requires that a jury find special circumstances to be true beyond a reasonable doubt. *See* Cal.Penal Code §§ 190.2(a), 190.4 (West 1999). California, however, also permits its appellate courts to review instructional error regarding special circumstances to determine whether the defendant was prejudiced by the error. *See People v. Odle,* 45 Cal.3d 386, 414, 247 Cal.Rptr. 137, 754 P.2d 184, 200 (1988). In this case, the California trial court omitted an element of the special

circumstance charged under Cal.Penal Code § 190.2. The instructions mistakenly stated that the jury could find the special circumstance to be true if it found that the defendant was a participant, rather than the statutory requirement that the defendant be a major participant. The California Court of Appeal reviewed the instructional error, applied *People v. Odle,* and held that "under any reasonable interpretation of the evidence, [Arreguin] was a major participant and the error was harmless beyond a reasonable doubt." The court further stated:

> Standing within arms's reach of an armed accomplice exhorting, "Shoot 'im, shoot 'im" about the victim, immediately after another accomplice forcibly broke the truck window, warrants no other reasonable conclusion than that appellant was a major participant. Appellant's testimony that he did not participate at all was necessarily rejected by the jury in its verdict.

This harmless error analysis is sufficient to satisfy the standard for state-created qualified liberty interests under *Clemons.* Therefore, we reverse the grant of the writ.

## III

Arreguin contends that there is an alternate basis for granting the writ, namely that he was deprived of his right to a jury determination of the special circumstance under the Sixth Amendment and the concomitant due process right to a fair trial under the Fourteenth Amendment. We disagree.

■ The Due Process Clause and the Sixth Amendment require that, before a defendant is convicted of a crime, all facts necessary to constitute that crime must be proven beyond a reasonable doubt. *See McMillan v. Pennsylvania,* 477 U.S. 79, 84–85, 93, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986). The *McMillan* Court, however, distinguished the due process and Sixth Amendment standard for elements of a

charged crime from the standard for sentencing factors. *See id.* Therefore, the crucial question is whether the special circumstance at issue here constitutes an element of the crime or a sentencing factor.

In *McMillan,* the Court considered a number of factors that, if present, would prove constitutionally problematic to deferring to a state's definition of a sentencing factor. *See id.* at 86–91, 106 S.Ct. 2411. We applied these factors in *United States v. Goodell* and held that due process was not violated by a sentencing factor if the factor did not "(1) alter the maximum penalty available for the crime committed, (2) negate the presumption of innocence or relieve the prosecution's burden of proving guilt, or (3) create a separate offense calling for a separate penalty." *See* 990 F.2d 497, 499–500 (9th Cir.1993).

Under a *McMillan/Goodell* analysis, Cal.Penal Code § 190.2 is properly considered a sentencing factor rather than an element of an offense. It did not alter the maximum penalty: first degree murder is punishable by a minimum term of 25–years–to–life and a maximum penalty of death. *See* Cal.Penal Code § 190 (West 1999). It did not dispense with the presumption of innocence nor did it relieve the prosecutor's burden of proving guilt. The jury first returned a verdict of guilt against Arreguin for first degree murder beyond a reasonable doubt, and his sentence was imposed after this determination and necessarily relied upon it. A special circumstance is not a separate crime, creating the potential for separate punishment. Therefore, § 190.2 is properly considered a sentencing factor.

Nothing in *Jones v. United States,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), alters this analysis. In *Jones,* the Court had to construe a federal statute that did not clearly delineate whether one of its provisions created a separate offense or was a sentencing factor. *See* 119 S.Ct. at 1218–22. The statute at issue here, Cal.Penal Code § 190.2, has already been construed by the California Supreme Court as a sentencing provision. *See Odle,* 45 Cal.3d at 411 n. 11, 754 P.2d at 198 n. 11. Thus, *Jones* is distinguishable.

Because the special circumstance defined in Cal.Penal Code § 190.2 is a sentencing factor and not an element of the offense, Arreguin had no independent Sixth Amendment or Fourteenth Amendment due process right to a jury determination of the special circumstance.

REVERSED