Eugene JOHNICO, Petitioner—
Appellant,

v.

Lee Ann CHRONES, Respondent—
Appellee.

No. 05–55180.

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 2006.*

Decided June 26, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See*    Fed. R.App. P. 34(a)(2).

Jerry Sies, Esq., Los Angeles, CA, Eugene Johnico, NKSP–North Kern State Prison A & E Yard, Delano, CA, for Petitioner–Appellant.

Analee J. Brodie, Esq., AGCA–Office of the California Attorney General (LA), Los Angeles, CA, for Respondent–Appellee.

Before: KOZINSKI and GOULD, Circuit Judges, and MARTINEZ, District Judge.**

## MEMORANDUM ***

■ Mr. Johnico contends that there was insufficient evidence under *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), to prove his two prior robbery convictions, and that appellate counsel rendered ineffective assistance by failing to raise that claim. As a threshold matter, we reject the government's argument that Mr. Johnico has procedurally defaulted on his sufficiency of the evidence claim. The government waived that argument when it failed to assert it before the district court. *Francis v. Rison,* 894 F.2d 353, 355 (9th Cir.1990) (holding that when the state failed to argue that procedural default should bar a review on the merits of the habeas claims, it waived its

** The Honorable Ricardo S. Martinez, District Judge for the Western District of Washington, sitting by designation.

procedural default argument in this Court).

■ However, while Mr. Johnico attempted to couch his argument in terms of the Due Process Clause before the district court, it is clear that his argument was, and remains, one of state law error. It is well-settled that alleged errors of state law are not the proper basis for habeas relief. *Estelle v. McGuire,* 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Smith v. Idaho,* 392 F.3d 350, 357 (9th Cir.2004).

■ Furthermore, we reject Mr. Johnico's argument that he asserts a federal constitutional question because he has a liberty interest in former Evidence Code section 1500, which the Due Process Clause preserves against arbitrary deprivation. It is true that state laws can form the basis of a liberty interest protected by the Fourteenth Amendment. *See Clemons v. Mississippi,* 494 U.S. 738, 746, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990); *Arreguin v. Prunty,* 208 F.3d 835, 837 (9th Cir.2000), *overruled on other grounds by United States v. Buckland,* 289 F.3d 558, 566 (9th Cir.2002) (*en banc*). However, "[p]rocedural requirements do not create a liberty interest unless they cause a 'significant substantive reduction' in decision-making, or create an imperative that mandates action unless certain clearly-defined exceptions are found to apply." *Chaney v. Stewart,* 156 F.3d 921, 925 (9th Cir.1998) (citation omitted). Mr. Johnico has not demonstrated that either of these standards have been met.

Mr. Johnico next offers an "alternate" argument that his prior conviction for second-degree robbery did not constitute either a "violent felony" or "serious felony"

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

as a matter of law, and therefore, did not count as a "Strike Prior." He did not raise this issue before the state courts or district court, but asserts that he may raise it now because it is directly related to the certified issue of insufficiency of the evidence to support the finding of strike priors. We decline to consider this issue.

It is well-settled that a habeas petitioner waives the right to challenge on appeal claims that were not presented to the district court. *Allen v. Ornoski,* 435 F.3d 946, 960 (9th Cir.2006). Furthermore, a habeas petitioner may not raise issues in the Court of Appeals that were not included in the Certificate of Appealability unless that petitioner can make a substantial showing of the denial of a constitutional right. *Hiivala v. Wood,* 195 F.3d 1098, 1104 (9th Cir.1999) *(per curiam ).* Petitioner has not made such a showing.

█ Finally, Mr. Johnico claims that he received ineffective assistance of counsel because his appellate counsel failed to raise his argument pertaining to the best evidence rule on appeal to the state courts. Appellate counsel has no duty to raise every single issue requested by a defendant. *Miller v. Keeney,* 882 F.2d 1428, 1434 (9th Cir.1989). Appellate attorneys often "weed[ ] out" issues that appear to have little likelihood of success. *Id.* Thus, the failure to raise certain issues on appeal does not constitute ineffective assistance of counsel if those issues would not have provided grounds for reversal. *Wildman v. Johnson,* 261 F.3d 832, 840 (9th Cir.2001). Mr. Johnico's sufficiency of the evidence argument would not have succeeded on the merits; accordingly, there would have

been no compelling reason for appellate counsel to raise that claim.

**AFFIRMED.**

---

* The Honorable Ricardo S. Martinez, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.