**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 27 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KELVIN REYNOLDS,

      Petitioner - Appellant,

v.

REGINALD HINES, Warden,
Lexington Assessment & Reception
Center,

      Respondent - Appellee.

No. 02-7043
D.C. No. 01-CV-59-P
(E.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This case is before the court on Kelvin Reynolds' request for a certificate of appealability ("COA"). Reynolds seeks a COA so that he can appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a state court" unless the petitioner first obtains a COA). Because Reynolds has not made "a substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and **dismisses** this appeal. *Id.* § 2253(c)(2).

The district court dismissed Reynolds' petition as untimely under 28 U.S.C. § 2244(d). In particular, the district court noted that Reynolds' Oklahoma state first degree murder conviction became final on September 25, 1995, when the ninety-day period for seeking a writ of certiorari from the United States Supreme Court expired. Reynolds did not file the instant § 2254 habeas petition, however, until November 29, 2000. The district court noted that counting the start date of the one-year limitations period from April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996,[1] and excluding the time Reynolds had pending a properly filed application for state post-conviction relief,[2]

---

[1] *See Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998).

[2] *See* 28 U.S.C. § 2244(d)(2).

Reynolds' federal habeas petition was filed almost one-year after the expiration of the limitations period set out in § 2244(d)(1). The district court also rejected Reynolds' request that the limitations period be equitably tolled. In so doing, the district court noted that Reynolds' attorney's incorrect advice regarding when the limitations period began to run was not the type of extraordinary circumstance entitling Reynolds to equitable tolling. *CF. Marsh v. Soars*, 223 F.3d 1217, 1220-21 (10th Cir. 2000); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). The district court rejected Reynolds' claim of actual innocence because he had completely failed to support his allegations of innocence with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This court has closely reviewed Reynolds' brief on appeal/application for COA, the district court's order of dismissal, and the entire record on appeal. Our

review demonstrates the district court's conclusions that Reynolds' § 2254 petition is time-barred and that Reynolds is not entitled to equitable tolling are not reasonably debatable. Accordingly, Reynolds has not made "a substantial showing of the denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c). This court **DENIES** Reynolds' request for a COA for substantially those reasons set out by the district court in its order of dismissal dated February 6, 2002 and **DISMISSES** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge