**Ramon L. SMITH, Petitioner–Appellant,**

v.

**State of IDAHO, Respondent–Appellee.**

No. 02–36043.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2004.

Filed Sept. 7, 2004.

Amended Nov. 30, 2004.

Phillip H. Gordon, Gordon Law Offices, Boise, ID, for the petitioner-appellant.

L. LaMont Anderson, Deputy Attorney General, Boise, ID, for the respondent-appellee.

Appeal from the United States District Court for the District of Idaho; Edward J. Lodge, District Judge, Presiding. D.C. No. CV–01–00001–EJL.

Before B. FLETCHER, HAMILTON,* and BERZON, Circuit Judges.

## ORDER AND AMENDED OPINION

### ORDER

The Opinion filed September 7, 2004, at Slip Op. 12953 is amended as follows:

At page 12956, delete the sentence at line 8 of text that reads:

We conclude that the district court lacked personal jurisdiction over the petition, but that the State of Idaho has waived any jurisdictional defects.

and insert in its stead:

We conclude that the district court lacked personal jurisdiction over the custodian, but that the State of Idaho has waived any jurisdictional defects.

At page 12958, delete section heading A which reads:

A. The District Court's Lack of Personal Jurisdiction over the Petition

and insert in its stead:

A. The District Court's Lack of Personal Jurisdiction over Smith's Custodian.

At page 12958, delete the first paragraph of Part A and insert in its stead:

Although neither of the parties nor the district court have considered whether the district court lacked jurisdiction over Smith's habeas petition because of the failure to name the correct party, we have an independent obligation to examine the jurisdiction of both the district court as well as our court. *Belgarde v. Montana*, 123 F.3d 1210, 1212 (9th Cir.1997). After consideration as to whether the problem is subject-matter or personal jurisdiction, we conclude that it is personal jurisdiction.

At page 12959 delete the last sentence of the first partial paragraph that reads:

We explained in *Stanley* that "[f]ailure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction" over the petition. *Id.*

and insert in its stead:

We explained in *Stanley* that "[f]ailure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction" over the custodian. *Id.*

At page 12959 insert a new footnote 3 at the end of the above substituted sentence (i.e., that ends with "custodian. *Id.*"):

We do not understand *Stanley* and *Belgarde*, read together, to disturb the

---

* The Honorable Clyde H. Hamilton, Senior United States Circuit Judge, United States Court of Appeals for the Fourth Circuit, sitting by designation.

longstanding rule that personal jurisdiction, in the traditional sense, can be waived and need not be addressed *sua sponte.* Rather, we understand *Stanley* to use the term "personal jurisdiction" in reference to the technical custodian requirement of § 2242 and the Rules Governing Section 2254 Cases. *See Stanley,* 21 F.3d at 360 (*citing* 28 foll. U.S.C. § 2254 Rule 2(a)). A court need not raise this technical issue *sua sponte,* and a party may waive that issue.

We understand *Belgarde* to require us to consider, *sua sponte,* a different issue—whether the named respondent has power to provide the desired relief. The asserted defect in *Belgarde* was the failure to name, in addition to the immediate custodian, the state Attorney General. *See Belgarde,* 123 F.3d at 1212. Here, Smith's desired relief is release from state custody, which the petitioner's custodian *or* a superior of that custodian may grant. Thus, when a habeas petitioner has failed to name the proper respondent pursuant to § 2242, we must ask *sua sponte* whether the respondent who *is* named has the power to order the petitioner's release. If not, the court may not grant effective relief, and thus should not hear the case unless the petition is amended to name a respondent who can grant the desired relief.

## OPINION

BETTY B. FLETCHER, Circuit Judge.

Ramon Smith ("Smith") appeals the district court's dismissal of his petition for a writ of habeas corpus. The district court held that Smith's claims were procedurally barred because Smith had failed to comply with state procedural rules during his state post-conviction proceedings. The district court also held that Smith had made no showing of cause and prejudice to excuse his procedural default. Smith filed a timely appeal. We conclude that the district court lacked personal jurisdiction over the custodian, but that the State of Idaho has waived any jurisdictional defects. On the merits, we conclude that Smith has not shown cause to excuse his procedural default. We therefore affirm the district court.

## BACKGROUND

Smith was convicted in October 1997 in Idaho state court of one count of lewd conduct with a minor under sixteen. He was sentenced to a term of 20 years-to-life.

Smith filed a timely appeal of his conviction and sentence with the Idaho Court of Appeals. The Court of Appeals rejected Smith's claims and affirmed his conviction and sentence on March 22, 1999. Smith's counsel on appeal did not file a petition for review with the Idaho Supreme Court within the twenty-one-day deadline. The Idaho Court of Appeals therefore issued its remittitur on April 13, 1999, and Smith's conviction became final.

Smith, proceeding *pro se,* filed a state post-conviction petition in August 1999. Smith also filed a number of motions, including a motion requesting the trial court to appoint counsel to assist in his post-conviction proceedings. The trial court never ruled on this motion one way or another. Smith's post-conviction petition was considered by the same trial court that had conducted Smith's trial, and that court issued a "Notice of Intent to Summarily Dismiss" in which it found that Smith's claims either failed on the merits or were barred because they were or could have been raised on direct appeal. Because Smith failed to file a response to the trial court's notice within the 20–day deadline, the court dismissed Smith's petition

on April 28, 2000.[1]

Smith appealed the trial court's decision to the Idaho Supreme Court. Smith also moved the trial court once again for appointment of counsel, this time to assist him on appeal. The trial court expressly denied this request without elaboration. Around October 5, 2000, Smith submitted a handwritten pro se brief entitled "Amended and Additional Briefs also Case Law's" to the Idaho Supreme Court. Smith also filed a motion requesting permission to file a handwritten brief. On October 20, 2000, the clerk of the Idaho Supreme Court returned the brief to Smith, alerting him that it did not comply with Idaho's Rules of Appellate Procedure. The clerk's letter indicated that a copy of the rules was enclosed and that Smith had until November 9, 2000 to file a proper brief. A few days later, Smith's motion to file a handwritten brief was granted.

After several additional filings by Smith, the Idaho Supreme Court issued an order on November 14, 2000, warning Smith that his appeal would be dismissed if he did not file a brief that complied with Idaho Rules of Appellate Procedure 34 and 35.[2] Smith ultimately failed to comply with the Supreme Court's order and that court dismissed Smith's appeal on December 19, 2000.

Smith then filed a federal habeas petition pro se on January 2, 2001. The state filed a motion to dismiss the petition on September 5, 2001. The district court granted this motion on September 3, 2002, finding that all of Smith's claims were procedurally barred because of Smith's failure to seek review from the Idaho Supreme Court during his direct appeal and because of his failure to file a proper brief with the Idaho Supreme Court. Smith timely appeals to our Court.

## DISCUSSION

### A. The District Court's Lack of Personal Jurisdiction over Smith's Custodian

█ Although neither of the parties nor the district court have considered whether the district court lacked jurisdiction over Smith's habeas petition because of the failure to name the correct party, we have an independent obligation to examine the jurisdiction of both the district court as well as our court. *Belgarde v. Montana,* 123 F.3d 1210, 1212 (9th Cir.1997). After consideration as to whether the problem is subject-matter or personal jurisdiction, we conclude that it is personal jurisdiction.

█ It is well-established in our Circuit that a petitioner for habeas corpus relief under 28 U.S.C. § 2254 must name "the state officer having custody of him or her as the respondent to the petition." *Stanley v. Cal. Supreme Court,* 21 F.3d 359, 360 (9th Cir.1994); *see also* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts; *Allen v. Oregon,* 153 F.3d 1046, 1050 (9th Cir. 1998). "This person typically is the warden of the facility in which the petitioner is incarcerated." *Stanley,* 21 F.3d at 360. We explained in *Stanley* that "[f]ailure to

---

1. Smith did file a motion requesting a 120-day extension of the time to file a response to the notice, but the trial court denied the motion.

2. Rule 34 sets out the number of copies of the brief that must be filed, the length of briefs, and the manner and timing of filing. Idaho App. R. 34. Rule 35 sets out the requirements regarding the structure of the briefs. For instance, Rule 35(a) provides that the appellant's brief must include a table of contents, a table of authorities, a statement of the case, the issues presented on appeal, a statement regarding attorneys' fees, an argument section and a conclusion. Idaho App. R. 35(a).

name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction" over the custodian.[3] *Id.*

■ As the caption of this case indicates, however, Smith named the State of Idaho—and not the state official having custody of him—as the respondent in his federal habeas petition. Thus, under *Stanley,* the district court lacked personal jurisdiction over Smith's habeas petition. Our inquiry does not end there, however, because it is well-recognized that personal jurisdiction—unlike subject-matter jurisdiction—may be waived. *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 703, 102 S.Ct.

2099, 72 L.Ed.2d 492 (1982) ("Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived."); *Chan v. Soc'y Expeditions, Inc.,* 39 F.3d 1398, 1406 (9th Cir.1994). Although we have not previously considered whether the lack of personal jurisdiction over a habeas petition may be waived by the state or an appropriate state official, we see no reason not to apply the general rule in the habeas context.[4] In a § 2254 habeas petition, the immediate custodian is named as a respondent in his or her official capacity, as the state official legally responsible for the petitioner's continued detention. *See Or-*

3. We do not understand *Stanley* and *Belgarde,* read together, to disturb the longstanding rule that personal jurisdiction, in the traditional sense, can be waived and need not be addressed *sua sponte.* Rather, we understand *Stanley* to use the term "personal jurisdiction" in reference to the technical custodian requirement of § 2242 and the Rules Governing Section 2254 Cases. *See Stanley,* 21 F.3d at 360 (*citing* 28 foll. U.S.C. § 2254 Rule 2(a)). A court need not raise this technical issue *sua sponte,* and a party may waive that issue.

We understand *Belgarde* to require us to consider, *sua sponte,* a different issue—whether the named respondent has power to provide the desired relief. The asserted defect in *Belgarde* was the failure to name, in addition to the immediate custodian, the state Attorney General. *See Belgarde,* 123 F.3d at 1212. Here, Smith's desired relief is release from state custody, which the petitioner's custodian *or* a superior of that custodian may grant. Thus, when a habeas petitioner has failed to name the proper respondent pursuant to § 2242, we must ask *sua sponte* whether the respondent who *is* named has the power to order the petitioner's release. If not, the court may not grant effective relief, and thus should not hear the case unless the petition is amended to name a respondent who can grant the desired relief.

4. Although no federal appellate court has confronted the issue in the circumstances presented by this case, several decisions of our

sister Circuits indicate that the failure to name the proper respondent is a defect that may be waived by the relevant government entity. *See Moore v. Olson,* 368 F.3d 757, 759 (7th Cir.2004) (in the context of a habeas petition under 28 U.S.C. § 2241, stating that "[d]efendants are entitled to waive any shortcomings in venue or jurisdiction over the person; these issues also may be forfeited by failure to present them at the proper time."); *Simon v. United States,* 359 F.3d 139, 143 n. 9 (2d Cir.2004) (in the context of a § 2241 petition, stating that the government had waived any defects in personal jurisdiction); *Crawford v. Jackson,* 323 F.3d 123, 125–26 (D.C.Cir.2003) (in the context of a § 2241 petition, holding that the United States had waived the district court's original lack of personal jurisdiction over the petition); *Aziz v. Leferve,* 830 F.2d 184, 186 (11th Cir.1987) (holding that New York state officials had waived any objections based on personal jurisdiction to a habeas petition they had requested transferred to a federal district in Florida). Moreover, in the Supreme Court's most recent case addressing the immediate-custodian rule in habeas proceedings, two Justices explicitly recognized that the rule is subject to waiver by the Government. *See Rumsfeld v. Padilla,* — U.S. ——, 124 S.Ct. 2711, 2728, 159 L.Ed.2d 513 (2004) (Kennedy, J., concurring) ("Because the immediate-custodian and territorial-jurisdiction rules are like personal jurisdiction or venue rules, objections to the filing of petitions based on those grounds can be waived by the Government.").

tiz–Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir.1996). Because the custodian is the state's agent—and the state is therefore the custodian's principal—the state may waive the lack of personal jurisdiction on the custodian's behalf.[5]

■ We hold that the State of Idaho waived the district court's lack of personal jurisdiction over Smith's immediate custodian and submits itself in the custodian's stead to the jurisdiction of the federal courts.[6] We proceed to consider the merits of Smith's appeal.

## B. Smith's Claim of Cause to Excuse his Procedural Default

■ The district court refused to consider the merits of Smith's claims in his habeas petition because of its conclusion that the claims were procedurally barred. In this appeal, Smith does not dispute that his claims are barred[7] but instead contends that he can show cause and prejudice to excuse his procedural default. We review de novo the district court's decision to dismiss a habeas petition for procedural default. Cockett v. Ray, 333 F.3d 938, 941 (9th Cir.2003).

**5.** We need not consider what circumstances will constitute a waiver in the habeas context because the State of Idaho has conceded that, in this case, it has waived any defects based on the district court's lack of personal jurisdiction over the custodian.

**6.** Our holding is consistent with our recognition that "[p]rompt resolution of prisoners' claims is a principal function of habeas." Ortiz–Sandoval, 81 F.3d at 896. It would be a waste of both judicial and the parties' resources for us to remand this case to the district court for the ministerial task of allowing Smith to amend his habeas petition to add the proper respondent.

**7.** We note that the cases cited by Smith do raise a question about the consistency with which Idaho applied its procedural rules. For instance, in Fox v. State, 129 Idaho 881,

"To allege cause for a procedural default, a petitioner must assert that the procedural default is due to an objective factor that is external to the petitioner and that cannot fairly be attributed to him." Manning v. Foster, 224 F.3d 1129, 1133 (9th Cir.2000) (quoting Coleman v. Thompson, 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). Smith makes two arguments regarding cause, both premised on a state statutory right to counsel that extends beyond the Sixth Amendment right and that has been interpreted to include a right to effective assistance of counsel. On the basis of these premises, Smith argues that his procedural default should be excused, first because his appointed counsel on direct appeal was ineffective in failing to file a petition for review with the Idaho Supreme Court, and second because the state trial court violated his statutory right to counsel by failing to appoint counsel during his post-conviction proceedings.

■ Smith's first argument lacks merit. It is well-established that criminal defendants have no constitutional right to counsel beyond their first appeal as of right, and hence no right to counsel in a discretionary appeal to the State's highest

934 P.2d 947, 951 (1997), the Idaho Court of Appeals ruled that, under state law, improper denial of appointed counsel for post-conviction relief precludes dismissal based on procedural errors that counsel probably would not have committed. Fox's refusal to apply a procedural bar in at least those circumstances could be seen as proof that the bar is not consistently applied, and therefore cannot bar habeas relief. See Valerio v. Crawford, 306 F.3d 742, 776 (9th Cir.2002) (en banc). However, because Smith does not adequately raise this point in his appeal, we need not address it here. See Greenwood v. Fed. Aviation Admin., 28 F.3d 971, 977 (9th Cir.1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief.").

court. *Ross v. Moffitt,* 417 U.S. 600, 610, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974); *see also Bonin v. Vasquez,* 999 F.2d 425, 430 (9th Cir.1993). Ineffective assistance of counsel can constitute cause to excuse a procedural default only if the petitioner had a constitutional right to counsel in the proceeding in which the default occurred. *Coleman,* 501 U.S. at 752–53, 111 S.Ct. 2546. Any errors committed by Smith's counsel in seeking (or not seeking) discretionary review from the Idaho Supreme Court during the direct appeal thus cannot constitute cause under *Coleman.* The fact that counsel is appointed by the state court does not change the result, because counsel is not *constitutionally* required. *See Poland v. Stewart,* 169 F.3d 573, 588 (9th Cir.1999).

■ Smith's second argument is more compelling. Smith makes a strong case that the state trial court erred—as a matter of state law—in failing to appoint counsel for Smith during his post-conviction proceedings. Under Idaho law as it stood at the time of Smith's post-conviction proceedings, a defendant was entitled to court-appointed counsel when the defendant showed "that a viable claim for post-conviction relief existed at the time the application was filed." *Fox v. State,* 129 Idaho 881, 934 P.2d 947, 951 (1997); *see also Brown v. State,* 135 Idaho 676, 23 P.3d 138, 140 (2001) (holding, shortly after Smith's post-conviction proceedings were completed, that a defendant was "entitled to court-appointed counsel unless the district court determined that his petition for post-conviction relief was frivolous.").[8] Smith filed two motions asking the trial court to appoint him counsel: one before

the trial court ruled on Smith's petition, and one seeking counsel on appeal after the trial court's decision. The record does not reflect that any action was taken with respect to the first motion, and the trial court denied the second without comment. For neither motion did the trial court make the finding of a lack of viability required by *Fox.*

However, even if we agree with Smith that the trial court erred as a matter of Idaho law in failing to appoint him counsel during his post-conviction proceedings, Smith cannot obtain habeas relief on that basis. *See Langford v. Day,* 110 F.3d 1380, 1389 (9th Cir.1996) ("[A]lleged errors in the application of state law are not cognizable in federal habeas corpus."). Smith had no federal constitutional right to counsel during his post-conviction proceedings. *Coleman,* 501 U.S. at 752, 111 S.Ct. 2546; *Poland,* 169 F.3d at 588. Therefore, under *Coleman,* Smith cannot establish cause because of the state trial court's failure to appoint him counsel, even if such failure was erroneous as a matter of state law. *See Bonin,* 999 F.2d at 430–31 ("Even if California's constitutional guarantees were interpreted to grant Bonin a right to counsel in state collateral proceedings, the deprivation of that state-law right would not be the 'independent constitutional violation' of *Coleman,* because *Coleman* referred only to violations of the *federal* constitution.") (emphasis in original); *see also Burns v. Gammon,* 173 F.3d 1089, 1093 (8th Cir.1999) ("[T]here is no Sixth Amendment right to post-conviction counsel, and [ ] neither the absence of such counsel, nor the deficient perform-

---

8. The Idaho legislature has since revised the Idaho code effectively to overrule *Brown* and *Fox.* Effective July 1, 2001, the decision to appoint counsel in post-conviction proceedings is now within the discretion of the trial

court. *See Quinlan v. Idaho Comm'n for Pardons and Parole,* 138 Idaho 726, 69 P.3d 146, 150 (2003); 2001 Idaho Sess. Laws ch. 160, § 1; Idaho Code § 19–853(b) (Michie 2004).

ance of such counsel, if appointed, can create cause to avoid a procedural bar.").[9]

## CONCLUSION

We conclude that the State of Idaho waived the district court's lack of personal jurisdiction over Smith's custodian. On the merits, we conclude that Smith cannot establish cause to excuse the procedural default that prevented the district court from considering his federal claims.

**AFFIRMED.**

9. Because we conclude that Smith cannot establish cause, we need not consider whether he has met the prejudice prong.