**Stephen Floyd ULLRICH, Petitioner,**

v.

**P. SONNEN, Respondent.**

No. 04–35358.

United States Court of Appeals,
Ninth Circuit.

Submitted May 6, 2005.*

Decided May 11, 2005.

Teresa A. Hampton, Esq., Boise, ID, for Petitioner.

Paul T. Krueger and L. Lamont Anderson, Esq., Office of Attorney General, Boise, ID, for Respondent.

Before: WALLACE, SILVERMAN, and PAEZ, Circuit Judges.

MEMORANDUM **

Idaho state prisoner Stephen Floyd Ullrich appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas petition as procedurally barred. We have jurisdiction pursuant to 28 U.S.C. § 2253 and review de novo the district court's dismissal of the petition. *Smith v. Idaho,* 392 F.3d 350, 356 (9th Cir.2004). We recite the facts only as necessary to this decision.

Ullrich argues that he can establish cause and prejudice to excuse his procedural default of his ineffective assistance of counsel claims because trial counsel failed to file a notice of appeal and appellate counsel failed to raise the claims on direct appeal. However, ineffective assistance of counsel claims must be separately exhausted in state court before they can serve as "cause" for the procedural default of another claim. *Cockett v. Ray,* 333 F.3d 938, 943 (9th Cir.2003). Because Ullrich did not exhaust his ineffective assistance of trial and appellate counsel claims, he cannot establish cause to excuse his procedural default.

Ullrich also argues that post-conviction counsel's failure to competently pursue the ineffective assistance of counsel claims established cause to excuse his procedural default. Because Ullrich had no federal constitutional right to court-appointed counsel in the state post-conviction proceeding, he cannot establish ineffective assistance of counsel as cause for his procedural default. *Smith,* 392 F.3d at 357.

To the extent that Ullrich's brief raises an uncertified issue, we construe it as a motion to expand the Certificate of Appealability and deny the motion. 9th Circuit Rule 22–1(e).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.