In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 05-3264

DARNELL BRIDGES,

*Petitioner-Appellant*,

*v.*

JOHN CHAMBERS,

*Respondent-Appellee*.

———————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 04 C 6447—**Matthew F. Kennelly**, *Judge*.

———————

SUBMITTED AUGUST 26, 2005—DECIDED OCTOBER 12, 2005

———————

Before POSNER, MANION, and EVANS, *Circuit Judges*.

POSNER, *Circuit Judge*. The state in this federal habeas corpus proceeding has asked us to substitute the director of the Illinois Department of Corrections for the named respondent, who is the warden of the prison in which the petitioner is imprisoned. The state says that "naming [the director] would be more efficient. If the respondent is the warden of the particular institution in which the petitioner is incarcerated, the replacement of the warden, or the transfer of the petitioner to a different Illinois state institution, will require substitution of the respondent. By contrast, if the respondent is the Director of the Department

of Corrections, then substitution will be required far less frequently." (Citations omitted.) The "convenience" is surely slight, especially since a petitioner whose case is on appeal in this court cannot be transferred without our permission, and if permission is granted the "successor custodian" *must* be substituted. Fed. R. App. R. 23(a). But convenient or not, the state has not justified its request.

A federal habeas corpus action brought by a state prisoner must name as the respondent "the state officer who has custody" of the petitioner. Rule 2(a) of the Rules Governing Habeas Corpus Petitions; *Mackey v. Gonzalez*, 662 F.2d 712 (11th Cir. 1981). The assumption (not wholly accurate, as we'll see) behind this rule is that the relief sought in such an action—release from custody—can be provided only by the custodian, *Reimnitz v. State's Attorney*, 761 F.2d 405, 409 (7th Cir. 1985); *Smith v. Idaho*, 392 F.3d 350, 355 n. 3 (9th Cir. 2004); see also *Braden v. 30th Judicial Circuit*, 410 U.S. 484, 494-95 (1973), and a case is moot and must be dismissed if victory will yield the claimant no tangible benefit. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Hope Clinic v. Ryan*, 249 F.3d 603, 605-06 (7th Cir. 2001); *Okpalobi v. Foster*, 244 F.3d 405, 426-27 (5th Cir. 2001) (en banc). This implies, incidentally, that if the custodian is named or can be substituted as respondent, the suit can continue, e.g., *Smith v. Idaho*, *supra*, 392 F.3d at 356; *Allen v. Oregon*, 153 F.3d 1046, 1050 (9th Cir. 1998); see also *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 813 (D.C. Cir. 1988), though the respondent who is not a custodian should be dropped. *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996).

The usual official authorized to release a state inmate from custody is the warden of the inmate's prison. E.g., *Williams v. Sims*, 390 F.3d 958, 961 (7th Cir. 2004). But *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 895 (9th Cir. 1996), holds that some-

one else, such as the director of the state's prison system, can, if he has that authority also, be named as respondent instead. Cf. *Rumsfeld v. Padilla*, 124 S. Ct. 2711, 2726 n. 18 (2004); *Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d 874, 899-900 (3d Cir. 1996). The holding can be questioned. The fact that a superior officer can arrange for the petitioner's release need not imply that the superior has "custody" of the person. We can order a petitioner released if we find that he is being held in violation of federal law, but that does not make us his custodian.

Some things are clear. One is that the "state" is not a proper respondent. *Talbott v. Indiana*, 226 F.3d 866, 870-71 (7th Cir. 2000); *West v. Louisiana*, 478 F.2d 1026, 1029 (5th Cir. 1973), vacated in part on other grounds, 510 F.2d 363 (5th Cir. 1975); *Morehead v. California*, 339 F.2d 170, 171 (9th Cir. 1964). This is not only because the state has sovereign immunity from suit in federal court, *Talbott v. Indiana*, *supra*, 226 F.3d at 870-71, and not only because Rule 2(a) is explicit that the "state officer" having custody of the petitioner is the proper respondent. There is also the practical consideration that designating the "state" does not identify an official with actual authority to release the prisoner, and the designation could create confusion with respect to service and to notice generally.

It is also clear that when the petitioner is in federal rather than state custody, the petitioner's *immediate* custodian—the warden of the prison or other facility in which the petitioner is confined—is the only proper respondent. *Rumsfeld v. Padilla*, *supra*. For if the petitioner could sue the warden's supervisor—ultimately the Attorney General—it would mean that every federal prisoner and detained alien could file his petition either in the District of Columbia federal district or in any other federal district in which "a substan-

tial part of the events or omissions giving rise to the claim occurred." *al-Marri v. Rumsfeld*, 360 F.3d 707, 709 (7th Cir. 2004). This concern is attenuated in the case of state petitioners, *Ortiz-Sandoval v. Gomez, supra*, 81 F.3d at 895, because the venue of their suits is more restricted; they are required to file either in the district in which they are confined or in the district in which the court that sentenced them is located. 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court, supra*, 410 U.S. at 497.

Even if, as we are inclined to doubt (without having to resolve our doubts in the present case), "state officer who has custody" can be interpreted to include any official who is authorized to order the petitioner's release from custody, the state has referred us to no statute or regulation or other source of law that authorizes the Director of the Department of Corrections, though he is the state's chief penal officer, 730 ILCS 5/3-2-2-1, 5/3-2-3, to order the release of a prisoner. Superior officers are not always or automatically clothed with all the powers of their subordinates. See, e.g., *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 919 (9th Cir. 2004); *Southern Pacific Transportation Co. v. Brown*, 651 F.2d 613, 615 (9th Cir. 1980); Kelly H. Chang, "The President v. the Senate: Appointments in the American System of Separated Powers and the Federal Reserve," 17 *J.L. Econ. & Organization* 319, 319-20 (2001).

The motion to substitute the director for the warden is therefore

DENIED.

No. 05-3264 5

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*