George **POPE**, Petitioner—Appellant,

v.

Randolph **CANDELARIA,**
Respondent—
Appellee.

Nos. 05–16967, 05–17040.

United States Court of Appeals,
Ninth Circuit.

Submitted May 18, 2006.*

Decided May 31, 2006.

Mary G. McNamara, Esq., Swanson & McNamara, LLP, San Francisco, CA, for Petitioner—Appellant.

Mark Anthony Johnson, Esq., AGCA— Office of the California Attorney General (Sac), Department of Justice, Sacramento, CA, for Respondent—Appellee.

Before: RYMER and WARDLAW, Circuit Judges, and WARE,** District Judge.

MEMORANDUM ***

George Pope appeals the district court's denial of his habeas corpus petition and his Rule 60(b) motion for relief from judgment,[1] which was actually an attempt to remedy his original habeas counsel's failure to timely file a notice of appeal.[2] We dismiss in part and affirm in part.

We lack jurisdiction to consider Pope's appeal of the district court's denial of his habeas petition because of the late filing of his notice of appeal. Federal Rule of Appellate Procedure (FRAP) 4(a)'s time limitation on the filing of a notice of appeal is "'mandatory and jurisdictional.'" *Browder v. Director, Dep't of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978). Pope has no constitutional right to counsel in these habeas proceedings, and thus bears the risk of attorney error. *Murray v. Carrier,* 477 U.S. 478, 488, 106

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable James Ware, United States District Judge for the Northern District of California, sitting by designation.

1. The plain language of 28 U.S.C. § 2253(c)(1) does not require a certificate of appealability for the appeal of the denial of Pope's Rule 60(b) motion.

2. Pope is represented by different counsel on appeal than he was in the district court.

S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Smith v. Idaho,* 392 F.3d 350, 357 (9th Cir.2004), *as amended.*

The district court correctly ruled that there was no mistake, excusable neglect, or gross negligence warranting Rule 60(b) relief. The district court did not err in declining to provide Pope separate notice of the court's January 12, 2005 order denying his habeas petition, based on the reasonable (although incorrect) presumption that notifying Pope's attorney would suffice to notify Pope. Nor did our 2003 remand prohibit the district court from integrating in a single dispositive order its findings regarding voir dire and its previous rulings on Pope's other habeas claims.

Pope's request for Rule 60(b) relief, based on his counsel's alleged excusable neglect or gross negligence in untimely filing the notice of appeal, was "a transparent attempt to ... obtain relief for failure to file a timely notice of appeal." Pope may not use Rule 60(b) to circumvent the time limits of FRAP 4(a). *See In re Stein,* 197 F.3d 421, 424–25 (9th Cir.1999), *as amended.* Pope provides no authority to support his assertion that the district court was required to grant Rule 60(b) relief in the interests of equity.

**DISMISSED IN PART AND AF- FIRMED IN PART.**

* The Honorable James Ware, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.