Terrence D. BROTHERS, Petitioner—Appellant,

v.

E.K. MCDANIEL, Warden, Respondent—Appellee.

No. 05–15260.

United States Court of Appeals, Ninth Circuit.

Submitted July 25, 2006.*

Decided Aug. 7, 2006.

Robert W. Story, Esq., Story & Sertic, Reno, NV, for Petitioner–Appellant.

Conrad Hafen, Esq., AGNV—Office of the Nevada Attorney General, Las Vegas, NV, for Respondent–Appellee.

Before: HUG, KLEINFELD, and PAEZ, Circuit Judges.

MEMORANDUM **

Nevada state prisoner Brothers appeals from the District Court's refusal to grant him an evidentiary hearing when denying

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

his habeas petition challenging his guilty plea conviction for first degree murder with use of a deadly weapon. We review a district court's denial of a habeas petition *de novo.*[1]

 Brothers concedes that his state habeas petition was procedurally defaulted. He fails to "show that some objective factor external to [his] defense" caused his procedural default.[2] There is no right to counsel on state collateral review, so Brothers cannot use an ineffective assistance of counsel claim to overcome a procedural default.[3] Brothers requests that we extend *Loveland v. Hatcher*[4] in order to grant him an evidentiary hearing on the issue of his procedural default, but *Loveland* is not Supreme Court authority as 28 U.S.C. § 2254 requires, and it is not analogous. In *Loveland* the petitioner thought his attorney had appealed, but in this case, the petitioner waived his right to appeal. Brothers gives no reason why he should be given an evidentiary hearing, so we will not extend *Loveland* to the degree he requests.

We will not grant a Certificate of Appealability on Brothers's uncertified claims because no "jurists of reason would find it debatable" that Brothers states any "valid claim[s] of the denial of a constitutional right[s]."[5]

**AFFIRMED.**

---

1. *Nulph v. Cook,* 333 F.3d 1052, 1056 (9th Cir.2003).

2. *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

3. *Smith v. Idaho,* 383 F.3d 934, 939 *amended and superceded by* 392 F.3d 350, 356–57 (9th Cir.2004).

4. *Loveland v. Hatcher,* 231 F.3d 640 (9th Cir. 2000).

5. *Petrocelli v. Angelone,* 248 F.3d 877, 883–84 (9th Cir.2001) (citing *Slack v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).

