FILED
United States Court of Appeals
Tenth Circuit

November 13, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DANA LINN FLYNN,

               Petitioner - Appellant,

v.

STATE OF KANSAS and PAUL
MORRISON, Attorney General of
Kansas,

               Respondent - Appellees.

No. 08-3129

D. Kan.

(D.C. No. 07-CV-03167-SAC)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL**

---

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

---

Dana Linn Flynn, a state prisoner appearing pro se, seeks a certificate of

appealability (COA) to appeal from the district court's dismissal of her 28 U.S.C.

§ 2254 petition for writ of habeas corpus.[1]  The district court determined the

petition was time barred and equitable tolling was not available.  We agree.

## I.  BACKGROUND

Flynn was convicted in Kansas state court of first degree murder,

conspiracy to commit first degree murder and conspiracy to commit perjury.  She

---

[1] We liberally construe Flynn's filings on account of her pro se status.  *See
Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998).

was sentenced to consecutive terms of life, five to ten years and one to five years imprisonment. On September 27, 2002, the Kansas Supreme Court affirmed her convictions. *Kansas v. Flynn*, 55 P.3d 324 (Kan. 2002). Flynn's convictions became final on December 26, 2002, when the time for her to seek review with the United States Supreme Court expired. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). On September 29, 2003, Flynn filed a motion in Kansas state court for post-conviction relief. The state court denied the motion on March 4, 2005. On June 9, 2006, the Kansas Supreme Court affirmed. *Flynn v. Kansas*, 136 P.3d 909 (Kan. 2006).

On June 7, 2007,[2] Flynn filed a § 2254 petition in federal district court against the State of Kansas and the State Attorney General arguing, *inter alia*, she received ineffective assistance of counsel at trial and was denied the right to testify in her defense.[3] The government moved to dismiss the petition because it

---

[2] Flynn's petition was not actually filed until June 22, 2007. However, she executed and mailed her petition through the prison mailing system on June 7, 2007. Like a notice of appeal, a prisoner's § 2254 petition is deemed timely "if it is deposited in the institution's internal mail system on or before the last day for filing." Fed. R. App. P. 4(c)(1). *See Marsh v. Soares*, 223 F.3d 1217, 1218 n.1 (10th Cir. 2008) ("[l]iberal application of the mailbox rule" extends it to § 2254 petitions).

[3] The State of Kansas has sovereign immunity from suit in federal court. The State Attorney General is not a proper respondent because he is not Flynn's custodian as required by 28 U.S.C. § 2242. *See* Rule 2(a) of the Rules Governing Habeas Corpus Petitions ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."). Because the government does not raise the issue, we presume the district court determined the Attorney General had waived any personal jurisdiction argument and was the alter ego of and appearing on behalf of the

was filed outside the one-year limitations period contained in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .").

In response to the government's motion, Flynn submitted excerpts from two letters she received from William Rork, who represented her in her state court appeal. The first letter, dated June 12, 2006, states, in pertinent part: "I must also advise you that you only have one year from the date of the Appellate decision (June 9, 2006). I will obtain the forms for the Federal Habeas Corpus and send those on." (R. Vol. I, Doc. 8 at 2.) The second letter, dated August 22, 2006, states:

Remember, under the AEDPA you have only until June 9, 2007 in

---

warden of the facility in which Flynn is incarcerated. *See Rumsfeld v. Padilla*, 542 U.S. 426, 452 (2004) (Kennedy, J., concurring) ("Because the immediate-custodian and territorial-jurisdiction rules are like personal jurisdiction or venue rules, objections to the filing of petitions based on those grounds can be waived by the Government"); *Bridges v. Chambers*, 425 F.3d 1048, 1049 (7th Cir. 2005) ("[I]f the custodian is named or can be substituted as respondent, the suit can continue, though the respondent who is not a custodian should be dropped.") (citations omitted); *Smith v. Idaho*, 392 F.3d 350, 354-55 (9th Cir. 2004) (concluding the State waived district court's lack of personal jurisdiction over petitioner's immediate custodian where petitioner's 28 U.S.C. § 2254 petition named the State as respondent).

which to file such a petition in federal court. You can clearly show you have exhausted all of your possible state remedies for purposes of establishing jurisdiction. You are also limited to the federal constitutional issues that would focus on ineffective counsel and a violation of your right to testify.

(*Id.* at 3.)

On February 7, 2008, the district court granted the government's motion and dismissed Flynn's petition as untimely, concluding the one year limitations period expired on or about September 5, 2006 and Flynn's petition was not filed until June 7, 2007.[4] The court held equitable tolling was not warranted based on Flynn's reliance on her attorney's error regarding the operation of the AEDPA limitation period.[5]

On February 19, 2008, Flynn filed a motion to alter or amend judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure. On the same day, she also filed a notice of appeal. On May 14, 2008, the district court denied

---

[4] The court determined the limitations period began to run on December 26, 2002 (the date the judgment became final), was tolled on September 29, 2003 (the date Flynn filed her motion for state post-conviction relief), and resumed on June 9, 2006 (the date the state court denied her motion for post-conviction relief).

[5] Flynn's attorney apparently believed the one-year limitations period was reset by the filing of a petition for post-conviction relief in state court. Instead, such a filing merely tolls the limitations period; it does not reset it. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.").

Flynn's Rule 59 motion and her implied request for a COA.[6]  Flynn renews her

request for a COA in this Court.

## II. DISCUSSION

A COA is a jurisdictional prerequisite to our review of a petition for a writ

of habeas corpus.  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  We will issue

a COA only if a petitioner makes "a substantial showing of the denial of a

constitutional right."  28 U.S.C. § 2253(c)(2).  Because the district court

dismissed Flynn's petition on procedural grounds, Flynn must demonstrate both

that "jurists of reason would find it debatable whether the petition states a valid

claim of the denial of a constitutional right and that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling."  *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present

and the district court is correct to invoke it to dispose of the case, a reasonable

jurist could not conclude either that the district court erred in dismissing the

petition or that the petitioner should be allowed to proceed further."  *Id.*

_____

[6] Because Flynn filed a notice of appeal prior to the court's denial of her
Rule 59 motion, she was required to file an amended notice of appeal if she
wished to challenge the denial of the Rule 59 motion.  *See* Fed. R. App. P.
4(a)(4)(B)(ii).  Flynn did not file an amended notice of appeal, but did file a
motion for leave to proceed in forma pauperis.  We may construe this motion as
the functional equivalent of an amended notice of appeal.  *See Smith v. Barry*, 540
U.S. 244, 248-49 (1992).  Or we may treat her appeal as limited to the district
court's February 7, 2008 order.  The result is the same in either case as the court
denied Flynn's Rule 59 motion on the same ground that it dismissed her habeas
petition.

-5-

Flynn does not contest that her habeas petition was filed outside the one-year limitations period. Thus, the question for our consideration is whether the district court erred in denying Flynn's claim for equitable tolling. We review a district court's decision to deny equitable tolling for an abuse of discretion. *Fleming v. Evans*, 481 F.3d 1249, 1254 (10th Cir. 2007).

"Generally, equitable tolling requires a litigant to establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quotations omitted). The district court cited four cases in support of its conclusion that Flynn failed to demonstrate extraordinary circumstances sufficient to warrant equitable tolling. *See Lawrence v. Florida*, 549 U.S. 327, -- , 127 S. Ct. 1079, 1085 (2007) ("Lawrence argues that his counsel's mistake in miscalculating the limitations period entitles him to equitable tolling. If credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline. Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."); *Rouse v. Lee*, 339 F.3d 238, 248-49 (4th Cir. 2003) (citing Fourth Circuit case for the proposition that "a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding" and

-6-

noting "[a] majority of other circuits agree," citing cases from the Second, Third, Fifth, Seventh, Eighth, Ninth, Eleventh, and Federal Circuits); *Reynolds v. Hines*, 55 Fed. Appx. 512, 513 (10th Cir. 2003) (unpublished) (affirming district court's "reject[ion] [of] Reynolds' request that the limitations period be equitably tolled" noting "Reynolds' attorney's incorrect advice regarding when the limitations period began to run was not the type of extraordinary circumstance entitling Reynolds to equitable tolling"); and *Jackson v. Kaiser*, 229 F.3d 1163, 2000 WL 1289241 at *3 (10th Cir. 2000) (unpublished) ("agree[ing] with the district court that petitioner may not rely on the alleged inaction of his retained counsel as a basis for equitable tolling" where counsel was retained "more than two weeks after the statute of limitations had expired").[7]

This rule, however, is not without exception. We recently held "sufficiently egregious misconduct on the part of a habeas petitioner's counsel may justify equitable tolling of the AEDPA limitations period." *Fleming*, 481 F.3d at 1256. The district court did not discuss or distinguish *Fleming*, but *Fleming* is inapposite.

Fleming hired counsel to represent him in state post-conviction proceedings. He subsequently made a number of inquiries as to the status of his petition and was told each time it was being prepared and would soon be filed.

---

[7] Unpublished cases are not precedential. 10th Cir. R. 32.1. We cite *Reynolds* and *Jackson* only for their persuasive value.

Aware the statute of limitations deadline was approaching, Fleming ultimately took matters into his own hands and drafted a petition with the help of a prison clerk, which he submitted to his counsel for review and filing. However, counsel did not file it until after the AEDPA deadline had passed. We concluded Fleming "ha[d] alleged enough facts to warrant, at a minimum, an evidentiary hearing to determine whether he is entitled to equitable tolling." *Id.* at 1256-57. We noted Fleming was alleging more than "mere negligence" on the part of his attorney. *Id.* at 1256. Instead, he claimed his attorney "deceived him into believing that he was actively pursuing Mr. Fleming's legal remedies when, in fact, he was not." *Id.*

Here, Flynn does not claim her counsel deceived her into believing he was actively pursuing her petition. She asserts: "When you look at the career of Mr. Rork, this misinformation is totally out of character. Which makes a reasonable questioning; was this incorrect date giving to Flynn intentional?" (Appellant's Opening Br. at 47.) We will not presume from counsel's experience alone that his miscalculation of the AEDPA limitations period was anything other than negligent. *Fleming* is inapplicable; *Lawrence* controls: "Attorney miscalculation is simply not sufficient to warrant equitable tolling . . . ." 127 S. Ct. at 1085.

We **DENY** Flynn's application for a COA and **DISMISS** this nascent appeal.

ENTERED FOR THE COURT

Terrence L. O'Brien
Circuit Judge