NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted May 16, 2012[*]
Decided May 16, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 11-3324

| | |
|---|---|
| JOHN W. PEROTTI,<br>    *Petitioner-Appellant,*<br><br>*v.*<br><br>RONNIE R. HOLT,<br>    *Respondent-Appellee.* | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division.<br><br>No. 2:10-cv-34-JMS-MJD<br><br>Jane E. Magnus-Stinson,<br>*Judge*. |

**O R D E R**

John Perotti appeals from the denial of his petition under 28 U.S.C. § 2241 for a writ of habeas corpus. The district court denied Perotti's petition on the ground that he had filed it without first exhausting his administrative remedies. On appeal Perotti argues that he tried to exhaust those remedies and that any further effort would have been futile. We affirm the judgment, but our reasoning differs from that of the district judge.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Perotti is serving a 210-month sentence as an Armed Career Criminal for possession of a firearm by a felon. *See* 18 U.S.C. §§ 922(g), 924(e)(i). In October 2009, while he was housed at the United States Penitentiary in Terre Haute, Indiana, a guard lodged an incident report accusing Perotti of threatening another person with bodily harm and displaying insolence toward a staff member in violation of Codes 203 and 312 of the Bureau of Prisons' Inmate Discipline Program. According to the incident report, Correctional Officer Vair had been escorting Perotti through the prison when Perotti called him a "piece of shit" and said that if he "was fifteen years younger I would stick some steel in you for doing this to me." Perotti was given a copy of the incident report.

Perotti appeared before a Discipline Hearing Officer on November 13, 2009. He requested that his newly appointed staff representative, Nicole Slaughter, view a security-camera video of the incident before the hearing, but by then the tape already had been recorded over. (At Perotti's request, Slaughter had replaced his previous staff representative, Leanna Payton. Payton had reviewed the tape before it was recycled.) At the hearing Perotti argued that his words should not be labeled a threat because he simply had been speculating about what might have happened if he was younger rather than threatening immediate or future harm. In fact, Perotti insisted, Vair himself had said that the "piece of shit" remark would have gotten Perotti "jumped" if not for his age. Vair denied saying anything threatening to Perotti, and no other witness had overheard the encounter.

The DHO reasoned that Vair had no reason to lie and thus credited his version of the verbal exchange. The DHO also found that Perotti's words were threatening and that he was trying to intimidate the officer. The DHO concluded at the hearing that Perotti had violated Code 299, rather than Codes 203 and 312, by engaging in conduct that disrupted the orderly running of the institution. Perotti was placed in disciplinary segregation for 30 days and lost 27 days of good-time credit plus 60 days of visiting and telephone privileges.

The DHO did not issue her written decision until mid-January 2010, two months after the hearing. By then Perotti's time in segregation and loss of privileges apparently were complete. In the interim he twice had tried to appeal the decision to the BOP's regional office, but both times he received a notice stating that the appeal had been rejected for not attaching a copy of the nonexistent written decision. The notices advised that he could resubmit the appeal after receiving the written decision, but Perotti instead appealed the first of these rejections to the BOP's central office. This second-level appeal was rejected on the ground that he had not yet received a merits decision from the regional office. When Perotti eventually received the DHO's written decision on January 14, he apparently filed a third administrative appeal to the regional office (or, possibly, one of his previous submissions was forwarded to the regional office). This time Perotti received a decision,

dated February 16, 2010, addressing and explicitly rejecting all of his challenges to the DHO's decision. Perotti appealed this decision to the central office at least twice, but whether he ever received a decision on the merits is unclear.

Perotti then petitioned for habeas-corpus relief.[1] He argued that he was denied due process at the disciplinary hearing and sought restoration of his good-time credits. The BOP urged the district court to dismiss the petition for failure to exhaust administrative remedies and also on the ground that Perotti's substantive arguments lack merit. On the question whether Perotti had exhausted, the BOP focused on Perotti's first two administrative appeals that were returned unanswered yet said nothing at all about the third attempt that was decided on the merits. The district court, without addressing the merits of Perotti's petition, accepted the BOP's contention that he had failed to exhaust his administrative remedies and dismissed the action on that basis. The court, following the BOP's lead, held that Perotti had twice ignored a directive from the regional office telling him that he must resubmit his first-level appeal with a copy of the DHO report. Like the BOP, the court did not acknowledge the decision on the merits Perotti received on February 16, 2010.

On appeal Perotti disputes the conclusion that he failed to exhaust his administrative remedies. He maintains that the regional office should have accepted and addressed his first two attempted appeals because he still did not have the DHO report and regulations allowed an appeal to proceed as long as he included information about the charges and the hearing he was challenging. He argues that further attempts to exhaust administrative remedies would have been futile. The BOP ignores Perotti's contention that providing the regional office a copy of the DHO's written decision was not essential. The BOP also remains silent about the merits decision Perotti received on his third appeal to the regional office.

We cannot say that the record in this case establishes a lack of exhaustion, which is not jurisdictional. *See Schiselman v. United States Parole Comm'n*, 858 F.2d 1232, 1234 n.1 (7th Cir. 1988); *Raine v. Carlson*, 826 F.2d 698, 703 (7th Cir. 1987); *Garza v. Davis*, 596 F.3d 1198, 1205 (10th Cir. 2010); *Elwood v. Jeter*, 386 F.3d 842, 844 n.1 (8th Cir. 2004). The BOP rests its nonexhaustion defense entirely on the premise that Perotti was not permitted to appeal the DHO's decision until it was conveyed in writing, and that once he received the written decision he failed to take further action. But the BOP has not offered any authority for its legal theory, and its underlying factual assertion is contradicted by the record. All along

---

[1]After he filed his petition, Perotti was transferred to the United States Penitentiary-Canaan in Pennsylvania. We have substituted as the respondent the warden at USP-Canaan. *See Bridges v. Chambers*, 425 F.3d 1048, 1050 (7th Cir. 2005).

Perotti has insisted that a BOP regulation allows an appeal to go forward without a written DHO decision if the inmate, in his submission, details the disciplinary charges and the date of the challenged hearing. And in fact, 28 C.F.R. § 541.19—which the BOP does not

cite—provided that an inmate appealing to the regional office should send along a copy of the "DHO report or, if not available at the time of filing, should state in his appeal the date of the DHO hearing and the nature of the charges against the inmate." This regulation has since been repealed, but not until long after the events underlying this appeal. What is more, the BOP has not explained why the DHO's report was not even completed (it is dated three days before Perotti received it on January 14) until two months after his hearing (after the 30 days of segregation and other restrictions he wanted to challenge had concluded). The BOP does not assert that the DHO was *allotted* two months to issue a written decision, and unless she was, the contention that Perotti acted prematurely is questionable. Another regulation—since repealed but in force at the time of these events—provided that the DHO "shall give the inmate a written copy of the decisions and disposition, ordinarily within 10 days of the DHO's decision." 28 C.F.R. § 541.17(g). More importantly, the record includes a response from the regional office dated February 16, 2010, which appears to address Perotti's appeal on the merits. The BOP has never acknowledged this document and thus has not explained why it does not support Perotti's contention that he did exhaust his administrative remedies.

Still, we may affirm the judgment on any ground raised in the district court, *Barton v. Zimmer, Inc.*, 662 F.3d 448, 454 (7th Cir. 2011), and here the BOP persists with its contention that Perotti's disciplinary proceedings met the requirements of due process. Perotti has waived any argument on the merits of his § 2241 petition by not filing a reply brief disputing the BOP's merits analysis. *See Doe v. United States*, 51 F.3d 693, 699 (7th Cir. 1995). Even if he had not waived it, his claim that he was denied due process at the DHO hearing nonetheless would fail because Perotti received advance notice of the charges, an opportunity to call witnesses and present evidence, and a written decision from the DHO detailing the evidence relied on and the reasons for the disciplinary action. These protections satisfy the requirements of due process. *See Jones v. Cross*, 637 F.3d 841, 845 (7th Cir. 2011); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). And the evidence against Perotti—an incident report and a statement from Correctional Officer Vair—was sufficient to support the DHO's determination. *See United States v. Kizeart*, 505 F.3d 672, 675 (7th Cir. 2007); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000); *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Accordingly, we AFFIRM the judgment of the district court.