
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY DARNELL WAFER, | No. 13-56933 |
| Petitioner - Appellant, | D.C. No. 2:04-cv-05694-AHS-AJW |
| v. | |
| ANTHONY HEDGPETH, Warden, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Alicemarie H. Stotler, Senior District Judge, Presiding

Argued and Submitted September 3, 2015
Pasadena, California

Before:  O'SCANNLAIN, FISHER and BYBEE, Circuit Judges.

Anthony Wafer appeals the dismissal of his 28 U.S.C. § 2254 habeas

petition challenging his convictions for robbery, burglary, assault and murder in

connection with a string of small business robberies.  We have jurisdiction under

28 U.S.C. § 2253, we review de novo, *see White v. Martel*, 601 F.3d 882, 883 (9th

Cir. 2010), and we affirm.

---

\*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1.  We need not determine whether Wafer's claim under *Faretta v. California*, 422 U.S. 806 (1975), was procedurally defaulted.  Because the claim was addressed by the district court and has been fully briefed, we exercise our discretion to deny the claim on the merits.  *See Runningeagle v. Ryan*, 686 F.3d 758, 777 n.10 (9th Cir. 2012) (citing 28 U.S.C. § 2254(b)(2) and *Gatlin v. Madding*, 189 F.3d 882, 889 (9th Cir. 1999)).

Although Wafer asserts his February 1999 *Faretta* request was unequivocal under *United States v. Hernandez*, 203 F.3d 614, 621-23 (9th Cir. 2000), *abrogated in part by Indiana v. Edwards*, 554 U.S. 164 (2008), and *Adams v. Carroll*, 875 F.2d 1441, 1444-45 (9th Cir. 1989), the California Court of Appeal's contrary conclusion was a reasonable determination of the facts under 28 U.S.C. § 2254(d)(2).  *See Stenson v. Lambert*, 504 F.3d 873, 882-84 (9th Cir. 2007).  Wafer made the request in the context of a substitution motion; his clear preference was appointment of new counsel; he did not renew his request between June 1999 and October 2000, the first day of trial; and the trial court, which was in the best position to assess Wafer's words in context, concluded he did not really want to represent himself.  When Wafer's request to represent himself is considered in the context of the entire hearing, the state court of appeal reasonably concluded the request was equivocal.

The California Court of Appeal's conclusion that Wafer's second *Faretta* request, made on the first day of trial, was untimely was neither contrary to nor an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). The Supreme Court has never addressed whether such a request is timely, *see Stenson*, 504 F.3d at 884-85; *Marshall v. Taylor*, 395 F.3d 1058, 1060-61 (9th Cir. 2005), and Ninth Circuit case law holding on direct appeal that a request is timely if made before a jury is impaneled, *e.g.*, *United States v. Arlt*, 41 F.3d 516, 519 (9th Cir. 1994), does not control under § 2254(d)(1).

2. Wafer has not established cause and prejudice to excuse the procedural default of his ineffective assistance of trial counsel (IATC) claim. Under *Martinez v. Ryan*, 132 S. Ct. 1309, 1318 (2012), ineffective assistance of postconviction review (PCR) counsel can establish cause to excuse procedural default of an IATC claim where (1) PCR counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984), in failing to raise the claim in a prisoner's initial state habeas petition and (2) the underlying IATC claim has some merit. Here, the record shows trial counsel consulted a causation expert before trial but did not call an expert at trial, instead relying on cross examination of the prosecution's expert witnesses to cast doubt on the cause of the victim's death. Trial counsel, therefore, appears to have made a reasonable tactical decision to proceed without an expert,

3

distinguishing this case from those upon which Wafer relies. *Cf. Duncan v. Ornoski*, 528 F.3d 1222, 1235-36 (9th Cir. 2008) (defense counsel failed even to consult an expert, and thus had no basis for forgoing an expert at trial); *Caro v. Woodford*, 280 F.3d 1247, 1255-56 (9th Cir. 2002) (same). Wafer, therefore, has not shown PCR counsel provided ineffective assistance by failing to raise an IATC claim in Wafer's initial state habeas petition.

3. Wafer also has not shown cause and prejudice to excuse the procedural default of his claim under *Batson v. Kentucky*, 476 U.S. 79 (1986). "Ineffective assistance of counsel can constitute cause to excuse a procedural default only if the petitioner had a constitutional right to counsel in the proceeding in which the default occurred." *Smith v. Idaho*, 392 F.3d 350, 357 (9th Cir. 2004) (citing *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991)). Here, Wafer had no right to counsel in seeking discretionary review from the California Supreme Court, so his counsel's failure to raise his *Batson* claim in that forum does not establish cause. *See id.* Although Wafer could establish cause by showing that he should not be charged with the acts or omissions of his attorney, *see Maples v. Thomas*, 132 S. Ct. 912, 922-24 (2012), he has neither made nor attempted to make that showing here.

For these reasons, the judgment of the district court is **AFFIRMED.**

4

\* \* \*

Wafer's unopposed motion to file an oversized letter brief (Dkt. 40), filed August 25, 2015, is **GRANTED**. Counsel is admonished, however, for filing the motion late and justifying the late motion by pointing to his incorrect construction of the word and page limits imposed by the court.