823 P.2d 187

**Melvin HANKS, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 18971.**

Court of Appeals of Idaho.

Jan. 7, 1992.

Stanley G. Cole, Rupert, for petitioner-appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

SILAK, Judge.

In this appeal, Melvin Hanks asserts that the district court erred when it dismissed his application for post-conviction relief on grounds that it was untimely. For the reasons stated below, we affirm the district court's dismissal.

The facts and procedural history giving rise to this appeal can be stated briefly. A judgment of conviction was entered against Hanks on October 11, 1984, pursuant to jury verdicts finding Hanks guilty of kidnapping in the first degree, aggravated battery, attempted rape, and two counts of infamous crimes against nature. Hanks

was sentenced to a determinate term of life in prison on the kidnapping conviction, indeterminate terms of fifteen years on the battery and attempted rape convictions, and indeterminate terms of five years on the two infamous crimes against nature convictions. The indeterminate terms were ordered to run concurrent with the fixed life sentence.

Hanks never appealed the judgment of conviction entered against him. On January 28, 1985, Hanks filed a motion for reduction of sentence, which motion was denied on January 8, 1986. On August 16, 1988, Hanks filed an application for post-conviction relief, which application was dismissed by the district court on November 17, 1988. On August 21, 1990, Hanks filed a second application for post-conviction relief. After a hearing, the district court dismissed the application on grounds that it was filed more than five years after the expiration of the time for appealing the challenged judgment of conviction, and, thus, was untimely under I.C. § 19–4902. The district court also dismissed the case on *res judicata* grounds. Because our holding on the timeliness issue is dispositive of this appeal, we need not reach the issue of *res judicata*. *Bunker Hill Co. v. State*, 111 Idaho 457, 461, 725 P.2d 162, 166 (1986).

This appeal requires us to review the district court's construction and application of Idaho's Uniform Post-conviction Procedure Act. I.C. §§ 19–4901 to –4909. The particular code section at issue is section 19–4902, which prescribes the time period for making applications for post-conviction relief. Because the construction and application of a legislative act present pure questions of law, we exercise free review. *State v. Cheney*, 116 Idaho 917, 919, 782 P.2d 40, 41 (Ct.App.1989) (citing *Standards of Appellate Review in State and Federal Courts*, IDAHO APPELLATE HAND-

BOOK § 3.2.1 (Idaho Law Foundation, Inc. 2d ed.1989)). In construing legislative acts,

[O]ur duty is to ascertain, if possible, from a reading of the whole act, and amendments thereto, the purpose and intent of the legislature and give force and effect thereto. Statutes must also be construed as a whole without separating one provision from another. The primary function of the court in construing a statute is to determine legislative intent and give effect thereto.

*Magic Valley Radiology Associates v. Professional Business Services, Inc.*, 119 Idaho 558, 564, 808 P.2d 1303, 1309 (1991) (citations omitted).

■ With respect to the time for making an application for post-conviction relief, section 19–4902 provides the following:

An application may be filed at any time within five (5) years from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later.

Hanks argues that the statute is ambiguous, and would have us interpret it to mean that the five-year time limit for bringing an application for post-conviction relief begins to run anew whenever a motion or application for post-conviction relief is filed, the determination of which is appealable. We conclude that a reading of this statute clearly reveals the legislature's intent to make the time period for bringing an application for post-conviction relief limited by the time period in which the applicant could have perfected a direct appeal from the underlying judgment of conviction, plus five years.

■ When we view the statute as a whole, as we must, it is apparent that the post-conviction procedure is intended to provide a remedy as to the conviction or sentence. Idaho Code § 19–4901, set forth in the margin,[1] enumerates the claims cog-

---

1. Idaho Code § 19–4901 provides:

(a) Any person who has been convicted of, or sentenced for, a crime and who claims: (1) that the conviction or the sentence was in violation of the Constitution of the United States or the Constitution or laws of this state; (2) that the

court was without jurisdiction to impose sentence; (3) that the sentence exceeds the maximum authorized by law; (4) that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of

nizable under the statute; these claims all relate to either the conviction or sentence, and not to any alleged abuse of discretion or legal error by the trial court in ruling on a Rule 35 motion. It would be contrary to the legislative intent of I.C. § 19–4902 to set a definite time limit upon challenges to convictions and sentences were we to allow the limitation period to be extended by the filing of a Rule 35 motion,[2] when the denial of a Rule 35 motion is not itself reviewable under the Uniform Post-conviction Procedure Act.

It is undisputed that no appeal was ever taken from the judgment of conviction entered against Hanks on October 11, 1984. Hanks had until November 22, 1984, 42 days from the day judgment was entered against him, to appeal his judgment of conviction. Thus, under section 19–4902, Hanks was barred from making an applica-

tion for post-conviction relief more than five years after November 22, 1984. Hanks did not make the instant application for post-conviction relief until August 21, 1990, nearly nine months after the deadline. Therefore, Hanks' application was untimely and the district court did not err in dismissing his application.

We affirm the district court's order dismissing as untimely Hanks' application for post-conviction relief.

WALTERS, C.J., and SWANSTROM, J., concur.

justice; (5) that his sentence has expired, his probation, or conditional release was unlawfully revoked by the court in which he was convicted, or that he is otherwise unlawfully held in custody or other restraint; or (6) that the conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding, or remedy: may institute, without paying a filing fee, a proceeding under this act to secure relief.

**2.** An I.C.R. 35 motion filed within fourteen days of the entry of judgment would, under I.A.R. 14(a), have extended the time for appeal from the judgment, and consequently would have extended the limitations period of I.C. § 19–4902. As noted, Hanks' motion under Rule 35 was filed more than fourteen days after entry of his judgment of conviction and thus did not extend the time for appeal from the judgment.