934 P.2d 947

Thomas Dewey FOX, Petitioner–Appellant,

v.

STATE of Idaho, Respondent.

No. 22421.

Court of Appeals of Idaho.

March 21, 1997.

Robert L. Crowley, Jr. (argued), Rigby, for petitioner–appellant.

Alan G. Lance, Attorney General, John C. McKinney, Deputy Attorney General (argued), Boise, for respondent.

WALTERS, Chief Judge.

Thomas D. Fox appeals from the summary dismissal of his application for postconviction relief, which the district court held was not filed within the statute of limitation prescribed by I.C. § 19–4902. We affirm in part and reverse in part.

## FACTS AND PROCEDURE

Following the entry of a guilty plea to one count of lewd conduct with a minor under sixteen, Fox was convicted and sentenced to a unified term of fifteen years, with a minimum period of confinement of five years. Fox was committed to the North Idaho Correctional Institution (NICI) for 180 days, and on April 5, 1991, the district court rejected probation for Fox as an alternative to incarceration, and relinquished jurisdiction. In July, 1991, Fox filed a motion for reconsideration of his sentence, which was denied.[1] Fox did not appeal from the judgment of conviction or from the denial of his I.C.R. 35 motion.

On February 11, 1995, Fox filed a *pro se* application for post-conviction relief from his judgment of conviction, alleging that his due process rights had been violated during his commitment at NICI. He also filed a motion for court-appointed counsel to assist him in his post-conviction proceeding. The state answered and moved the district court to dismiss the application as untimely. The district court provided Fox with notice of its intent to dismiss the application as untimely, and after receiving no response from Fox within the twenty-day period set forth in the notice, the district court entered an order dismissing the application. The district court failed to rule on Fox's request for appointed counsel. The district court concluded that Fox's application should have been filed no later than July of 1994, one year after the effective date of the 1993 amendment to I.C. § 19–4902, in order to comply with the statute of limitation governing post-conviction relief applications.

---

1. For unexplained reasons, the district court did not enter an order on Fox's I.C.R. 35 motion for reconsideration until June 24, 1994.

## DISCUSSION

■ The pivotal issue in this appeal is the timeliness of Fox's application for postconviction relief. Our review, therefore, requires us to examine the district court's construction of I.C. § 19–4902 and its application to the facts in Fox's case. Because the construction and application of a legislative act present pure questions of law, we exercise free review. *Hanks v. State,* 121 Idaho 153, 154, 823 P.2d 187, 188 (Ct.App.1992), *citing State v. Cheney,* 116 Idaho 917, 919, 782 P.2d 40, 41 (Ct.App.1989).

At the time of Fox's conviction in 1990, I.C. § 19–4902 provided a limitation period for post-conviction actions of five years from the expiration of the time for appeal in the criminal case, or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later. 1988 Idaho Sess.Laws, ch.76, p. 131. The five-year limitation, however, was shortened in 1993 to one year.[2] The district court determined that Fox had one year from the effective date of the 1993 amendment to initiate a post-conviction proceeding and dismissed the action because it was filed more than six months beyond the expiration of the limitation period.

On appeal, Fox advances several arguments to establish why the district court erred in ruling that his application for post-conviction relief was untimely. First, he argues that the application of the one-year limitation to his case violates the Ex Post Facto clauses of the federal and state constitutions and a statutory prohibition against retroactive laws, thus depriving him of a preexisting statutory right. Second, Fox asserts that *Browning v. Vernon,* 44 F.3d 818 (9th Cir.1995), which held that practices at NICI similar to the ones Fox complained of in Fox's application were constitutionally impermissible, had the effect of enlarging the statutory limitation period for bringing a post-conviction action. Alternatively, in light of *Browning,* Fox asserts that a discovery exception should be recognized to extend the limitation period. Lastly, he argues that "the expiration of the time for appeal in his

criminal case" was forty-two days after the district court's denial on June 24, 1994, of his Rule 35 motion for reduction of sentence. He maintains that his application for postconviction relief filed on February 11, 1995, came within one year of August 5, 1994, and thus was timely filed.

Fox argues that the application of the one-year statute of limitation to his case, where his conviction was entered prior to the 1993 amendment to the statute, violates the Ex Post Facto clauses of the federal and state constitutions and a statutory prohibition against retroactive laws. Fox claims that application of the one-year limitation to him deprived him of a preexisting statutory right. However, these challenges to the statute of limitation, I.C. § 19–4902, were settled by the Idaho Supreme Court in *Esquivel v. State,* 128 Idaho 390, 913 P.2d 1160 (1996). There the Court said:

> The application of I.C. § 19–4902 is not retroactive. Esquivel had the full term allowed by I.C. § 19–4902 in which to file the petition. He has no "substantial" rights which have been violated by the application of the limitation period based on the fact that the statute of limitation is procedural in nature.

*Id.* at 392, 913 P.2d at 1162. *See University of Utah Hosp. v. Pence,* 104 Idaho 172, 657 P.2d 469 (1982); *LaFon v. State,* 119 Idaho 387, 807 P.2d 66 (Ct.App.1991); *Mellinger v. State,* 113 Idaho 31, 740 P.2d 73 (Ct.App. 1987).

Fox also claims that applying the one-year limitation to him denied him access to the courts to obtain relief for due process violations he allegedly suffered at NICI. In his application, Fox sought post-conviction relief from the jurisdictional review procedures at NICI and the resultant denial of probation in his case. Relying on *Browning v. Vernon,* 44 F.3d 818 (9th Cir.1995), where practices at NICI, similar to those complained of by Fox, were held to be constitutionally impermissible, Fox asserts that the effect of *Browning* was to enlarge the statutory limitation period for bringing a post-conviction action. This assertion, however, has been rejected by this Court in recent decisions holding that the

2.   1993 Idaho Sess.Laws, ch. 265, p. 898.

*Browning* opinion affords no basis for relief from the statute of limitation set forth in I.C. § 19–4902. *John v. State,* 129 Idaho 304, 306, 923 P.2d 1011, 1013 (Ct.App.1996); *Bell v. State,* 128 Idaho 62, 65, 910 P.2d 176, 179 (Ct.App.1996).

■ With respect to the timing of his application for post-conviction relief, Fox argues that the one-year limitation period should be computed from the date of the last order in the criminal proceeding, in this case, the denial of the Rule 35 motion. Fox's application was filed within one year of the expiration of the time for appeal from the order denying the Rule 35 motion and thus, he contends, was timely filed on February 11, 1995.

Construing the pre-amendment statute, this Court has held that the period for bringing an application for post-conviction relief is limited by the time frame in which the applicant could have perfected a direct appeal from the underlying judgment of conviction, plus five years. *Hanks v. State,* 121 Idaho at 154, 823 P.2d at 188. We also held that to allow the limitation period to be extended by the filing of a Rule 35 motion, when the denial of a Rule 35 motion was not itself reviewable under the Uniform Post–Conviction Procedure Act, would be contrary to the legislative intent of I.C. § 19–4902. *Id.* at 155, 823 P.2d at 188. Accordingly, a Rule 35 motion filed more than fourteen days after entry of the judgment of conviction does not affect the starting point for calculating the time within which an application for post-conviction relief may be brought. *Id.* Therefore, Fox's Rule 35 motion did not operate to extend the relevant time limit governing the filing of his post-conviction relief application.

■ At oral argument on this appeal counsel for Fox referred the Court to paragraph twenty-seven of the application for post-conviction relief wherein Fox raised an ineffective assistance claim with respect to his representation by counsel in the Rule 35 proceeding. Specifically, Fox sought post-conviction relief on account of his counsel's failure to present to the district court, as part of the Rule 35 motion, an independent psychological evaluation, which had been conducted by John Stoner, M.D., in the fall of 1992. This claim of ineffective assistance of counsel, asserts Fox, was a viable post-conviction claim which should not have been summarily dismissed by the district court. We conclude that this latter argument has some merit, recognizing that this Court has previously held that a claim of ineffectiveness of counsel at the Rule 35 stage of proceedings may be raised through a postconviction application. *Murray v. State,* 121 Idaho 918, 924–25, 828 P.2d 1323, 1329–30 (Ct.App.1992). To properly raise this claim through post-conviction procedures, it was incumbent on Fox to file his application within one year of the expiration of the time for appeal from the order denying the Rule 35 motion. Fox's application meets this requirement and must be considered timely, but only as to the issue based on the denial of the Rule 35 motion.

■ However, in *Sabin v. State,* 129 Idaho 257, 923 P.2d 502 (Ct.App.1996), this Court held that a procedural default occurred when a post-conviction applicant failed to file a responsive pleading to the district court's notice of intent to dismiss. Such a default precludes this Court from entertaining an attack on the dismissal order, which is being raised for the first time on appeal. *Id.* at 258, 923 P.2d at 503. We held:

> The failure of the applicant to file a responsive pleading or to challenge the district court's rationale through a post-conviction motion waives any challenge to th[e dismissal] order on appeal.

*Id.* As was true in *Sabin,* Fox had the opportunity to challenge the district court's proposed dismissal on timeliness grounds, but did not. Thus, Fox's failure to respond to the notice of dismissal in the district court, under ordinary circumstances, would bar consideration of his arguments on appeal.

■ Here, however, Fox contends that he was prejudiced by the district court's failure to grant his request for appointed counsel in the post-conviction proceeding. Had counsel been appointed to represent Fox, presumably the attorney would have responded to the district court's dismissal notice and kept alive Fox's post-conviction

claim related to the Rule 35 proceeding. Pursuant to I.C. § 19–4904, a court-appointed attorney may be made available, upon a showing of indigency, to the applicant in a post-conviction action. The decision to grant or to deny a request for court-appointed counsel lies within the discretion of the district court. When presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in the case. *Ortiz v. State,* 124 Idaho 67, 856 P.2d 104 (Ct.App.1993); *Henderson v. State,* 123 Idaho 51, 844 P.2d 33 (Ct.App.1992). It appears in this case that the district court never ruled on Fox's request for court-appointed counsel once the court determined to dismiss the action on the statute of limitation grounds without ever addressing the request for counsel. Therefore, because it has been shown that a viable claim for post-conviction relief existed at the time the application was filed, which a reasonable attorney could have argued to the district court in response to the court's notice of intent to dismiss Fox's application, we cannot hold harmless the district's court failure to act on the request for counsel which accompanied Fox's application.

## CONCLUSION

Fox's post-conviction action was subject to a one-year limitation period pursuant to I.C. § 19–4902. His application was untimely as to all claims except the claim of ineffectiveness of counsel related to the Rule 35 motion. Accordingly, we reverse the order dismissing the post-conviction application in part, and we remand for the limited purposes of allowing the district court to act on the pending request for counsel and to resolve whether Fox was deprived of the effective assistance of counsel with respect to his Rule 35 motion.

LANSING and PERRY, JJ., concur.