IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 37446

| LIVINGSTON PAPSE, JR., | ) | 2011 Unpublished Opinion No. 339 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: February 2, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge.

Order denying appointment of counsel and summarily dismissing application for post-conviction relief, <u>reversed</u> <u>and</u> <u>remanded</u>.

Greg S. Silvey, Kuna, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Livingston Papse, Jr., appeals from the district court's order denying appointment of counsel and summarily dismissing his application for post-conviction relief. For the reasons set forth below, we reverse and remand.

In 2008, Papse was charged with felony driving under the influence of alcohol. I.C. §§ 18-8004 and 18-8005(5). Papse was offered a plea agreement under which the state agreed to request a sentence consisting of a unified term of four years, with a minimum period of confinement of two years, in exchange for Papse's guilty plea. Papse accepted the plea agreement and pled guilty. The district court, however, declined to follow the state's recommendation and sentenced Papse to a unified term of eight years, with a minimum period of confinement of four years. Papse filed a direct appeal asserting that his sentence was excessive, which this Court affirmed in an unpublished opinion. *State v. Papse*, Docket No. 35371 (Ct. App. Feb. 10, 2009). Thereafter, Papse filed an application for post-conviction relief, claiming

1

that his guilty plea was not knowingly and voluntarily given and that the prosecutor breached the plea agreement. Papse also filed a request for appointment of counsel for his post-conviction proceeding. The district court denied Papse's request for counsel and summarily dismissed his application for post-conviction relief. Papse appeals.

Because we consider it dispositive, we address only Papse's contention that, on the allegations he presented to the district court, counsel should have been appointed. If a post-conviction applicant is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the applicant in preparing the application, in the trial court and on appeal. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Charboneau v. State,* 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004). When a district court is presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in the case. *Id.*; *Fox v. State,* 129 Idaho 881, 885, 934 P.2d 947, 951 (Ct. App. 1997).

In determining whether to appoint counsel pursuant to I.C. § 19-4904, the district court should determine if the applicant is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the applicant. *Charboneau,* 140 Idaho at 793, 102 P.3d at 1112. In its analysis, the district court should consider that an application filed by a pro se applicant may be conclusory and incomplete. *See id.,* at 792-93, 102 P.3d at 1111-12. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se applicant does not know the essential elements of a claim. *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State,* 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). The district court must give the applicant notice of the defects in the application so that the applicant has an opportunity to respond and to give the trial court an adequate basis for deciding the need for counsel. *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112. If an applicant subsequently alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the applicant an opportunity to work with counsel and properly allege the necessary supporting facts. *Id.*

Papse asserts that the district court erred in denying his request for counsel. He argues that the district court erred in its evaluation of the facts Papse presented and thus erred in its conclusion that he was not entitled to counsel. In his application for post-conviction relief, Papse

alleged that his trial counsel was ineffective for failing to ensure that Papse entered his guilty plea knowingly and voluntarily. In response to the district court's memorandum decision, Papse filed an affidavit asserting that his trial counsel had told him that the plea agreement was contingent upon Papse answering questions posed by the district court as instructed by the attorney. Papse claimed that his answers during the plea colloquy were not true and that he "parroted" and "mimicked" what his attorney said. He claimed that when he told the district court that he had difficulty communicating with his attorney, he was instructed by his attorney to retract that answer if he wanted to be sentenced according to the plea agreement. He claimed that, with his attorney sitting next to him, it became impossible to explain to the district court that his attorney had coerced him into answering the plea colloquy questions falsely under threat of "losing out on the plea agreement." He stated that his attorney informed him that he must answer the questions as required if he wanted the district court to sentence him according to the agreement. Finally, he averred that, if his counsel had not improperly instructed him that the district court was "agreeable" with the sentencing agreement, he would have insisted on going to trial. These sworn statements, when viewed applying the standards set forth above, allege facts which raise the *possibility* of a valid claim.[1] Papse was, therefore, entitled to have counsel assist him.

The state argues that, even if Papse's assertions are true, he would not be entitled to relief because he has not shown prejudice as required by *Strickland v. Washington*, 466 U.S. 668 (1984). Specifically, the state argues that, where the alleged deficiency involves counsel's advice in relation to a guilty plea, in order to satisfy the prejudice requirement Papse must show that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Here, Papse *did* assert that he would have insisted on going to trial if his counsel had not told him that the district court was "agreeable" with the plea agreement. Furthermore, we recognize, as our Supreme Court did in *Charboneau,* that applications filed by a pro se applicant may be conclusory and incomplete and that facts

---

[1] We recognize, as did the district court, that Papse's claims are apparently belied by the plea colloquy and the written plea advisory. We note, however, that Papse relied upon his attorney to assist him in completing the form and now asserts that he "parroted" what his attorney said when questioned by the district court. Papse also argues that portions of the plea colloquy support his contentions. We do not assert that Papse's claims are true or untrue--only that he should have counsel to assist him in asserting those claims under these circumstances.

sufficient to state a claim may not be alleged because they do not exist or because the pro se applicant does not know the essential elements of a claim. Furthermore, we have ruled that every inference is to be drawn in the applicant's favor where the applicant is unrepresented and cannot be expected to know how to properly allege the necessary facts. *See Plant v. State*, 143 Idaho 758, 761, 152 P.3d 629, 632 (Ct. App. 2006).

The record demonstrates that the district court recognized the correct standard of review and followed the proper procedures in denying Papse's request for assistance of counsel. However, the district court erred in ruling that Papse was not entitled to the assistance of counsel in presenting his application for post-conviction relief as to his claim of ineffective assistance of counsel regarding entry of his plea. Therefore, we reverse the decision of the district court denying Papse assistance of counsel as to his claim that his attorney was ineffective for failure to insure that Papse's guilty plea was knowingly and voluntarily made. We remand so that Papse may present this and the remainder of his post-conviction claims with the assistance of appointed counsel.

The district court's order denying Papse's motion for appointed counsel and summarily dismissing his application for post-conviction relief is reversed and remanded for proceedings consistent with this opinion. No costs or attorney fees are awarded on appeal.

Chief Judge GRATTON and Judge GUTIERREZ, **CONCUR.**