IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39700

| MELVIN DEWAYNE PERKINS, | ) | 2013 Unpublished Opinion No. 554 |
|---|---|---|
| | ) | |
| Petitioner-Appellant, | ) | Filed: June 27, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Melvin Dewayne Perkins appeals from the district court's order summarily dismissing his petition for post-conviction relief. Perkins specifically challenges the denial of his request for appointment of post-conviction counsel. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Perkins pled guilty to felony injury to a child. I.C. § 18-1501(1). The district court sentenced Perkins to a unified term of seven years, with a minimum period of confinement of two years. Perkins did not file a notice of appeal in the underlying case. Perkins filed a petition for post-conviction relief in September 2011. In December 2011, the district court issued a notice of intent to dismiss and, at the same time, denied Perkins's request for post-conviction counsel. Perkins responded to the notice of intent to dismiss, after which the district court dismissed the petition. Perkins appeals.

1

## II.

## STANDARD OF REVIEW

If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the application in the trial court and on appeal. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Charboneau v. State,* 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004). When a district court is presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in the case. *Id.*; *Fox v. State,* 129 Idaho 881, 885, 934 P.2d 947, 951 (Ct. App. 1997). The district court abuses its discretion where it fails to determine whether a petitioner for post-conviction relief is entitled to court-appointed counsel before denying the petition on the merits. *See Charboneau,* 140 Idaho at 793, 102 P.3d at 1112.

In determining whether to appoint counsel pursuant to Section 19-4904, the district court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the petitioner. *Charboneau,* 140 Idaho at 793, 102 P.3d at 1112. In its analysis, the district court should consider that petitions filed by a pro se petitioner may be conclusory and incomplete. *See id.* at 792-93, 102 P.3d at 1111-12. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim. *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State,* 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Charboneau,* 140 Idaho at 793, 102 P.3d at 1112.

## III.

## ANALYSIS

Perkins argues that the district court erred by denying his motion for appointment of counsel with respect to two claims--that the state breached the plea agreement and that Perkins's trial attorney failed to file a notice of appeal. The state contends that the district court correctly found that these claims were frivolous and, therefore, correctly denied appointment of counsel.

**A.     Plea Bargain Claim**

In his petition, Perkins asserted that his trial counsel was ineffective for failing "to hold the prosecutor's office accountable for a written plea agreement" that originally required the state to recommend a withheld judgment and probation at sentencing.  On appeal, Perkins asserts that the district court never analyzed this claim and that it required appointment of counsel.  The state argues the district court did address the question of the alleged breach of the plea agreement by the state and correctly determined that this claim was frivolous.

It is well established that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.  *Santobello v. New York*, 404 U.S. 257, 262 (1971).  This principle is derived from the Due Process Clause and the fundamental rule that, to be valid, a guilty plea must be both voluntary and intelligent.  *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984); *State v. Rutherford*, 107 Idaho 910, 913, 693 P.2d 1112, 1115 (Ct. App. 1985).  If the prosecution has breached its promise given in a plea agreement, whether that breach was intentional or inadvertent, it cannot be said that the defendant's plea was knowing and voluntary, for the defendant has been led to plead guilty on a false premise.  *State v. Jones*, 139 Idaho 299, 301-02, 77 P.3d 988, 990-91 (Ct. App. 2003).  In such event, the defendant will be entitled to relief.  *State v. Fuhriman*, 137 Idaho 741, 744, 52 P.3d 886, 889 (Ct. App. 2002).  As a remedy, the court may order specific performance of the agreement or may permit the defendant to withdraw the guilty plea.  *Santobello*, 404 U.S. at 263; *Jones*, 139 Idaho at 303, 77 P.3d at 991.

A defendant is also bound by a plea agreement.  *State v. Jafek*, 141 Idaho 71, 74, 106 P.3d 397, 400 (2005).  If the condition upon which the prosecution's promised sentencing recommendation was based fails, the prosecution is not obligated to perform the agreement.  *Berg v. State*, 131 Idaho 517, 519, 960 P.2d 738, 740 (1998).  Implicit in a plea agreement is the defendant's appearance at sentencing.  *Berg*, 131 Idaho at 519, 960 P.2d at 740.  A failure to appear at the sentencing will constitute a breach of the agreement by the defendant.  *Jafek*, 141 Idaho at 74, 106 P.3d at 399.

In this case, Perkins failed to appear for his sentencing hearing on November 29, 2004.  At sentencing, Perkins's counsel indicated that it had attempted to reach him via telephone but was unsuccessful.  As a result, a bench warrant was issued for Perkins's arrest.  This failure to appear constituted a breach of the plea agreement by Perkins.  Nearly six years later after Perkins

3

was arrested and appeared at his sentencing hearing, the state was no longer obligated to make the sentencing recommendations set forth in the plea agreement. The district court correctly determined this claim to be frivolous and, implicit in that determination, counsel was not ineffective for failing to object to the state's sentencing recommendation. Therefore, the district court appropriately declined to appoint counsel on this claim.

**B.      Failure to File the Appeal**

In his petition, Perkins also asserted that his counsel failed to file an I.C.R. 35 motion and a direct appeal.[1] Perkins contends that this was sufficient to raise the possibility of a valid claim requiring appointment of counsel. The state argues it does not necessarily follow from Perkins's assertion that he ever requested his trial counsel file an appeal.

In responding to a petition for post-conviction relief:

> [T]he court should provide sufficient information regarding the basis for its ruling to enable the petitioner to supplement the request with the necessary additional facts, if they exist. Although the petitioner is not entitled to have counsel appointed in order to search the record for possible nonfrivolous claims, he should be provided with a meaningful opportunity to supplement the record and to renew his request for court-appointed counsel prior to the dismissal of his petition where, as here, he has alleged facts supporting some elements of a valid claim.

*Brown v. State*, 135 Idaho 676, 679, 23 P.3d 138, 141 (2001); *see also Charboneau,* 140 Idaho at 793, 102 P.3d at 1112. Here, the district court issued a notice of intent to dismiss, which explained that an affirmative request from a defendant to his or her trial counsel is necessary in order to support an ineffective assistance claim that trial counsel failed to file an appeal. In the notice, the district court also explained that Perkins's petition was deficient in this respect. Despite this notice and explanation, Perkins failed to supply any additional supporting facts in his response to the notice of intent to dismiss. Perkins would certainly not require the assistance of counsel to allege that he had asked his attorney to file an appeal. Accordingly, the district court correctly ruled that, because Perkins did not allege he ever communicated his desire to appeal to his counsel, this claim did not require appointment of post-conviction counsel. While it has been stated that every inference must run in the petitioner's favor where the petitioner is

---

[1]      While Perkins asserts his counsel failed to file a motion under I.C.R. 35, Perkins filed such a motion pro se. Thus, this argument is without merit.

unrepresented and cannot be expected to know how to properly allege the necessary facts, *Judd v. State*, 148 Idaho 22, 24, 218 P.3d 1, 3 (Ct. App. 2009), where there is no evidence presented that a request to file an appeal was made even after notice to the petitioner that lack of such evidence will be fatal to a claim, we are justified in refusing to draw any inference at all. Here, Perkins did not assert that he requested his counsel file a direct appeal. Thus, the district court did not err in refusing to appoint post-conviction counsel on this claim, finding it to be frivolous.

## IV.

## CONCLUSION

Perkins's petition, and his response to the district court's notice of intent to dismiss, failed to raise the possibility of a valid claim warranting appointment of counsel in his post-conviction case. The district court did not err in declining to appoint counsel. Therefore, we affirm the district court's order dismissing the petition for post-conviction relief. No costs or attorney fees are awarded on appeal.

Judge LANSING and Judge GRATTON, **CONCUR.**

5