IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39850

| DARYL L. REID, JR., | ) | 2013 Unpublished Opinion No. 639 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: August 27, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bear Lake County. Hon. Mitchell W. Brown, District Judge.

Order summarily dismissing petition for post-conviction relief, affirmed; order denying request for appointment of post-conviction counsel, affirmed.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Daryl L. Reid, Jr. appeals from the district court's orders summarily dismissing his petition for post-conviction relief and denying his request for appointment of post-conviction counsel. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Reid was convicted of one count of rape, Idaho Code §§ 18-6101(3), 18-6101(4); one count of misdemeanor battery, I.C. § 18-903; twenty-five counts of lewd conduct with a minor child under sixteen, I.C. § 18-1508; and twenty-one counts of sexual battery of a minor child sixteen or seventeen years of age, I.C. § 18-1508A(1)(a). The district court imposed a unified term of life with thirty-three years determinate. Reid appealed and this Court affirmed the decision of the district court in *State v. Reid*, Docket No. 36843 (Ct. App. July 22, 2011) (unpublished).

1

Reid filed a petition for post-conviction relief asserting violations of his constitutional rights and requested appointed counsel. Subsequently, the district court filed a notice of intent to dismiss the petition and denied the request for appointment of counsel. Reid filed a response to the district court's notice of intent to dismiss and thereafter, the district court issued a memorandum decision and order denying Reid's petition for post-conviction relief. Reid timely appeals.

## II.

## ANALYSIS

Reid claims that the district court erred: (1) by summarily dismissing his petition for post-conviction relief because his petition raised a genuine issue of material fact entitling him to an evidentiary hearing; and (2) by denying his request for appointed counsel.

### A.     Summary Dismissal

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. I.C. § 19-4907; *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of facts,

2

together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004);

3

*Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

In the instant case, Reid argues that his attorney provided ineffective assistance of counsel by failing to prevent the prosecution's witnesses from "synchronizing their stories and manufacturing testimony." A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

Here, the only admissible evidence offered by Reid is his verified petition for post-conviction relief and his affidavit. Reid's verified petition states, in pertinent part, "the Defense Counsel engaged in pre-trial planing (sic) with the Prosecutor to allow the . . . Prosecution[']s witnesses to engage in pre-trial and pre-testimony grooming in order to arrange their story for the jury, which bolstered the State[']s case against the Petitioner which violated the Petitioner's Fundamental right . . . ." Reid's affidavit states, in pertinent part:

> The Petitioner also swears that by allowing all of the State[']s witnesses to engage in pre-trial, and pre-testimony communications allowed their witnesses to groom their story, and further contends that the Public Defender was also a party to the state[']s conviction of the Petitioner through collusion and scheming to allow inappropriate testimony in through the 'unintentional questioning' of a State[']s witness . . . .

The district court concluded that Reid's petition "contained only bare and conclusory allegations, unsubstantiated by factually based affidavits, records, or other admissible evidence." Accordingly, the district court concluded that no genuine issue of material fact existed and summarily dismissed his petition.

On appeal, Reid argues that his verified petition and sworn affidavit constitute evidence substantiating his claim for post-conviction relief; therefore, his petition is entitled to an evidentiary hearing. We disagree. We note that the district court did not take judicial notice of Reid's underlying criminal case. Additionally, Reid failed to attach to his petition any trial transcripts, documents, or exhibits to support his petition beyond his own affidavit. Therefore, Reid is unable to point to any facts contained in the trial record to support his allegation that his attorney provided ineffective assistance. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included in the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal.

Neither the petition nor Reid's affidavit bears out any facts that show deficient performance by his attorney beyond his bare and conclusory allegations. Reid's allegations of defense counsel planning, colluding, and scheming are, indeed, simply allegations with absolutely no factual or evidentiary support. Bare or conclusory allegations, unsubstantiated by

5

any fact, are inadequate to entitle a petitioner to an evidentiary hearing. *King v. State*, 114 Idaho 442, 446, 757 P.2d 705, 709 (Ct. App. 1988). Reid's own statements are conclusory and do not meet the threshold requirements to support his application.[1] Therefore, we conclude the district court did not err by summarily dismissing Reid's petition for post-conviction relief.

## B. Appointment of Counsel

Reid claims that his petition raised the possibility of a valid claim entitling him to appointment of post-conviction counsel. If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition, in the trial court and on appeal. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004). When a district court is presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in the case. *Id.*; *Fox v. State*, 129 Idaho 881, 885, 934 P.2d 947, 951 (Ct. App. 1997). The district court abuses its discretion where it fails to determine whether a petitioner for post-conviction relief is entitled to court-appointed counsel before denying the petition on the merits. *See Charboneau*, 140 Idaho at 793, 102 P.3d at 1112.

In determining whether to appoint counsel pursuant to I.C. § 19-4904, the district court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist petitioner. *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112. In its analysis, the district court should consider that petitions filed by a pro se petitioner may be conclusory and incomplete. *See id.* at 792-93, 102 P.3d at 1111-12. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim. *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint

---

[1]  Moreover, the State contends that any asserted material "fact" in the record is not based upon personal knowledge. Reid argues that by having his statements notarized, he attested to personal knowledge. Not so. Reid's petition and affidavit are "subscribed and sworn" but make no factual assertion or allegation of personal knowledge.

counsel in order to give petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112.

In the instant case, Reid requested appointment of post-conviction counsel in his petition. The district court, in its notice of intent to dismiss, denied Reid's request for appointment of counsel, finding that his "allegations and facts do not justify the appointment of counsel at this time." The district court found that Reid's petition and evidence were "conclusory allegations, unsubstantiated by any factual evidence." We agree. As discussed above, Reid failed to support his claims with factual evidence beyond his own allegations. He failed to present even the possibility of a valid claim and did not provide any additional information in response to the district court's notice of intent to dismiss that was substantially different from his petition. As Reid failed to present the possibility of a valid claim, the district court was within its discretion to deny his request for the appointment of counsel.

### III.
### CONCLUSION

Reid has failed to demonstrate reversible error. Accordingly, the district court's orders summarily dismissing Reid's petition for post-conviction relief and denying his request for appointment of post-conviction counsel are affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**