**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42378**

| | | |
|---|---|---|
| **RAMIRO R. RAMIREZ,** | ) | **2015 Unpublished Opinion No. 478** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: April 28, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

Judgment summarily dismissing successive petition for post-conviction relief, <u>affirmed</u>.

Deborah Whipple of Nevin, Benjamin, McKay & Bartlett, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Ramiro R. Ramirez appeals from the district court's judgment summarily dismissing his successive petition for post-conviction relief. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Ramirez was found guilty of burglary. He appealed and his judgment of conviction was affirmed on appeal by this Court in an unpublished opinion. *See State v. Ramirez*, Docket No. 35761 (Ct. App. Apr. 21, 2011). Ramirez filed a petition for post-conviction relief and a motion for appointment of counsel, both of which were dismissed by the district court. On appeal, this Court affirmed in an unpublished opinion. *See Ramirez v. State*, Docket No. 41341 (Ct. App. Mar. 3, 2014). Ramirez filed a successive petition for post-conviction relief. Initially,

1

he claimed that his post-conviction counsel was ineffective for not arguing that his appellate counsel was ineffective for failing to challenge testimony regarding his co-defendant's refusal to speak with police at the scene of the arrest. He also moved for the appointment of counsel on his successive petition. The district court entered a notice of intent to dismiss the petition and denied the motion for appointment of counsel. Ramirez responded to the notice by asserting that his counsel on direct appeal, rather than his post-conviction counsel, was ineffective and sought to amend his petition accordingly. Ramirez explained that "the reason for not asserting the grounds in the earlier petition is because I didn't know of these grounds at the time of first petition." The district court summarily dismissed Ramirez's petition for post-conviction relief. Ramirez appeals, asserting that the district court erred in holding that he did not provide a sufficient justification for filing a successive petition, in dismissing his petition because the state failed to respond, and in failing to appoint counsel.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Ramirez argues the district court erred in holding that Ramirez failed to provide a sufficient reason for filing a successive petition for post-conviction relief. Specifically, the district court held that Ramirez's successive petition failed to demonstrate a sufficient basis for not having raised his appellate counsel's ineffectiveness in prior post-conviction proceedings. Ramirez claims that he did not raise the issue in his first petition for post-conviction relief because he did not "know of these grounds at the time of [his] first petition." Claims of ineffective assistance of counsel are deemed to be known at the conclusion of the proceeding. *See Rhoades*, 148 Idaho at 247, 253, 220 P.3d at 1072. Pro se litigants are held to the same standards as those litigants represented by counsel. *Golay v. Loomis*, 118 Idaho 387, 392, 797 P.2d 95, 100 (1990). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *See id.* at 393, 797 P.2d at 101. Thus, Ramirez's failure to recognize the claim does not excuse him from failing to raise the claim in his first petition for post-conviction relief. Because Ramirez's explanation is not a sufficient reason to justify a successive petition for post-conviction relief, and he has provided no other explanation for failing to bring the claim in his first petition for post-conviction relief, the district court did not err in summarily dismissing Ramirez's successive petition for post-conviction relief.

Ramirez also argues that the district court erred in summarily dismissing his petition for post-conviction relief because there was no answer or other indication from the state objecting to the petition for post-conviction relief. Ramirez argues that, in the absence of a response from the state, the district court was required to deem all of Ramirez's uncontroverted allegations as true. Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the

3

record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901. In this case, the district court concluded, as a matter of law, that Ramirez was not entitled to relief even when all disputed facts were construed in his favor. We agree. As explained above, Ramirez's claim that his appellate counsel was ineffective should have been brought in his initial petition for post-conviction relief. Thus, the district court did not err in summarily dismissing Ramirez's petition in the absence of an answer from the state.

Ramirez further asserts that the district court erred in failing to appoint counsel for his successive post-conviction proceedings. Specifically, Ramirez argues that he set forth facts giving rise to the possibility of a valid post-conviction claim. If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition in the trial court and on appeal. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004). When a district court is presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in the case. *Id.*; *Fox v. State*, 129 Idaho 881, 885, 934 P.2d 947, 951 (Ct. App. 1997). The district court abuses its discretion where it fails to determine whether a petitioner for post-conviction relief is entitled to court-appointed counsel before denying the petition on the merits. *See Charboneau*, 140 Idaho at 793, 102 P.3d at 1112.

In determining whether to appoint counsel pursuant to Section 19-4904, the district court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the petitioner. *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112. In its analysis, the district court should consider that petitions filed by a pro se petitioner may be conclusory and incomplete. *See id.* at 792-93, 102 P.3d at 1111-12. Facts

4

sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim. *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112.

Here, Ramirez's claim could not be developed into a viable claim even with the assistance of counsel. As described above, Ramirez's claim that his appellate counsel was ineffective should have been brought in his initial petition for post-conviction relief. Because Ramirez has not alleged facts that raise the possibility of a valid claim, the district court did not err in denying Ramirez's request for appointment of post-conviction counsel.[1]

## IV.

## CONCLUSION

Ramirez has not shown that his ineffective assistance of counsel claim provided a sufficient reason for filing a successive post-conviction petition, even in the absence of a response from the state. Nor has Ramirez shown that the district court erred in denying Ramirez's request for the appointment of post-conviction counsel. Therefore, we affirm the district court's order summarily dismissing Ramirez's successive petition for post-conviction relief. No costs or attorney fees are awarded on appeal.

Judge GUTIERREZ and Judge GRATTON, **CONCUR**.

---

[1] Ramirez also argues that he received ineffective assistance of post-conviction counsel. However, Ramirez acted pro se in his prior post-conviction action. There is no relief available when a petitioner claims ineffective assistance of counsel when he or she acted as counsel.